**Alton EVANS, Plaintiff–Appellant,**

**v.**

**Shirley S. CHATER, Commissioner of Social Security Administration, Defendant–Appellee.**

No. 95–36178.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1997.

Decided April 14, 1997.

Kathryn Tassinari, Johnson, Cram & Associates, Eugene, Oregon, for plaintiff-appellant.

Kathryn A. Warma, Assistant Regional Counsel, Social Security Administration, Seattle, Washington, for defendant-appellee.

Before FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER, District Judge.*

TASHIMA, Circuit Judge:

This is an appeal from an order of the district court holding that it lacked jurisdiction to review the refusal of appellee Commissioner of the Social Security Administration (Commissioner) to reopen appellant Evans' two prior Supplemental Security Income (SSI) applications. Although we conclude that the district court erred when it held that it lacked jurisdiction, we nonetheless affirm because Evans' constitutional rights were not violated.

### I

Evans applied for SSI benefits three times; the first two applications were denied. His third application was granted by an Administrative Law Judge (ALJ) on May 5, 1994. The ALJ, however, denied his request to reopen his first two applications. Evans filed his first SSI application on March 6, 1990. The Commissioner denied the claim on July 17, 1990. Evans did not request reconsideration. He filed his second SSI application on June 7, 1991, and it was denied on December 23, 1991. Again, Evans did not request reconsideration.

Evans filed his third SSI application on March 31, 1993. The application was denied on July 29, 1993. Up to this point, Evans had been acting *pro se*. On August 26, 1993, with the help of the Lane County Legal Aid Services, Evans requested reconsideration of the third denial.

The ALJ found that Evans suffered from severe depression, which met Impairment Listing No. 12.04, and awarded him SSI benefits as of March 9, 1993, his protected filing date. After an evidentiary hearing, however, the ALJ denied Evans' request to reopen his 1990 and 1991 applications. Citing Social Security Ruling (SSR) 91–5p (1991), the ALJ found that Evans did not show good cause to reopen because he did not demonstrate that he was mentally incompetent at the relevant times. On review, the Appeals Council affirmed the ALJ's refusal to reopen.

Evans then sought judicial review of the Commissioner's denial of his request to reopen. The district court held that a refusal to reopen was not a final decision under 42 U.S.C. § 405(g). Therefore, the district court concluded that it lacked jurisdiction to review the denial. It further held that Evans' claim did not come within the narrow exception to § 405(g)'s finality requirement because his claim that his mental impairment and lack of representation prevented him from pursuing an appeal did not assert a colorable constitutional claim within the meaning of *Panages v. Bowen,* 871 F.2d 91 (9th Cir.1989). As the district court construed *Panages,* it required that the claim of due process deficiency relate to the "decision not to reopen," citing *id.* at 93.

Nonetheless, the district court reviewed the administrative record and "agreed" with the ALJ and Appeals Council that Evans "failed to establish that he lacked the mental capacity to request further review of his applications." This timely appeal followed. We have jurisdiction under 28 U.S.C. § 1291. We affirm on the basis of the district court's alternative ruling on the merits.

### II

We review de novo the district court's order of dismissal for lack of subject matter jurisdiction. *Wilson v. A.H. Belo Corp.,* 87 F.3d 393, 396 (9th Cir.1996). We may affirm "on any ground finding support in the record, even if the district court relied on the wrong grounds or wrong reasoning." *Marino v.*

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*Vasquez,* 812 F.2d 499, 508 (9th Cir.1987) (citations omitted); *see also Pillsbury, Madison & Sutro v. Lerner,* 31 F.3d 924, 928 (9th Cir.1994).

■ The Social Security Act limits judicial review of the Commissioner's decisions to "any final decision . . . made after a hearing." 42 U.S.C. § 405(g). A decision not to reopen a prior, final benefits decision, however, is discretionary and not a final decision; therefore, it is not subject to judicial review. *Califano v. Sanders,* 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977); *Davis v. Schweiker,* 665 F.2d 934, 935 (9th Cir.1982). *Sanders,* however, recognized an exception "where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." 430 U.S. at 109, 97 S.Ct. at 986.[1]

The leading case in this Circuit on the *Sanders* exception is *Panages,* 871 F.2d 91. There, the district court overturned an administrative decision not to reopen two prior benefit denials.

> The district court thus identified three infirmities in the previous decision regarding Panages' benefits: (1) the Secretary failed to respond to Panages request as to what evidence he should submit; (2) the Secretary terminated Panages' benefits at a time when Panages had suffered a setback; and (3) Panages had presented persuasive new evidence in connection with his current application.

*Id.* at 93. We held that those defects "are not the sort of constitutional claims that are sufficient to allow judicial review, after *Sanders,* of the Secretary's decision not to reopen a prior determination." *Id.*

In the case at bench, however, the district court relied on *Panages'* more limiting language that "[t]he constitutional claims must relate to the manner or means by which the Secretary decided not to reopen the prior

decision, rather than to the merits of the prior decision or the means by which that decision was reached." *Id.* (citations omitted). In light of the "three infirmities" in the Secretary's decision which were in issue, however, much of this language is dictum. That it is dictum is established by the paragraph which immediately follows it:

> The district court's reliance on Panages' new evidence and on the fact that Panages's benefits were terminated at a time when he had suffered a medical setback *go to the merits of the prior decisions. They are not factors that implicate a due process right to a meaningful opportunity to be heard.*

*Id.* (emphasis added). Thus, it is clear that *Panages'* holding is that an attack on the merits of the prior decision will not suffice and that a constitutional claim must "implicate a due process right to a meaningful opportunity to be heard." In light of that holding, which was dispositive, the court's earlier statement that those claims "must relate to the manner or means by which the Secretary decided not to reopen the prior decision," is dictum.

This reading of *Panages* is consistent both with our subsequent case law and with that of our sister circuits. Thus, in *Gonzalez v. Sullivan,* 914 F.2d 1197, 1202 (9th Cir.1990), we held that a colorable constitutional claim that did not relate to the manner or means of a decision not to reopen was subject to judicial review. The reviewable due process claim in *Gonzalez* was that the Secretary's notice did "not clearly indicate that if no request for reconsideration is made, the determination is final." *Id.* at 1203; *see also Young v. Bowen,* 858 F.2d 951, 954 (4th Cir.1988) (Secretary's refusal to reopen violates due process where claimant lacked both mental capacity and legal assistance to contest prior denial of benefits); *Elchediak v.*

---

1. *Sanders* states that "[t]his provision [§ 405(g) ] clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary *made after a hearing.'* But a petition to reopen a prior final decision *may* be denied without a hearing as provided in § 205(b), 42 U.S.C. § 405(b)." 430 U.S. at 108, 97 S.Ct. at 986 (emphasis added).

It is not entirely clear whether "may" is intended to narrow the "made after a hearing"

language of the statute, *i.e.,* whether judicial review is precluded because the decision "may" be made without a hearing, even though it is, in fact, "made after a hearing." We avoid this question because, in this case, the nature of the constitutional claim raised subjects the Commissioner's decision to judicial review, whether it was made after or without a hearing.

*Heckler,* 750 F.2d 892, 894 (11th Cir.1985) (Secretary's refusal to reopen violates due process where claimant's mental illness prevented him from understanding and pursuing administrative remedies); *Penner v. Schweiker,* 701 F.2d 256, 260–61 (3d Cir. 1983) (notice of denial of benefits only to a mentally-impaired claimant and not to his counsel is denial of due process); *Parker v. Califano,* 644 F.2d 1199, 1203 (6th Cir.1981) (due process deficiency exists where claimant's ability to understand Secretary's notice is undermined by her mental impairment).[2]

Here, Evans alleged that during the time of his 1990 and 1991 applications, he suffered from a mental impairment, which, under SSR 91–5p, amounted to good cause to reopen the prior denials.[3] This allegation, together with the fact that he was not represented by counsel throughout these earlier proceedings, is sufficient to assert a colorable constitutional claim. *See Boettcher v. Secretary of Health and Human Serv.,* 759 F.2d 719, 722 (9th Cir.1985) (finding that plaintiff whose challenge was not "wholly insubstantial, immaterial, or frivolous" stated a colorable constitutional claim).

As the cases cited above demonstrate, the *Sanders* exception to § 405(g)'s finality requirement is not limited to "constitutional claims [that] relate to the manner or means by which the Secretary decided not to reopen a prior decision. . . ." *Panages,* 871 F.2d at 93. Rather, the *Sanders* exception applies to any colorable constitutional claim of due process violation that "implicate[s] a due process right [either] to a meaningful opportunity to be heard," *id.,* or to seek reconsideration of an adverse benefits determination. Thus, we hold that the district court had jurisdiction to consider Evans' constitutional due process claim on the merits. The district court erred in broadly construing *Panages* to hold otherwise.

**2.** The cases the Commissioner relies on to support her contention that the district court lacked jurisdiction are inapposite. Both *Krumpelman v. Heckler,* 767 F.2d 586 (9th Cir.1985), and *Davis v. Schweiker,* 665 F.2d 934, held that no jurisdiction existed for judicial review because the claimant's allegations were "purely conclusory, unsupported by facts, and [ ] insufficient to withstand summary judgment," thus, failing the *Sanders* standard. *Krumpelman,* 767 F.2d at 588 (quoting *Davis,* 665 F.2d at 936). No due process

## III

■ We, therefore, next consider whether the ALJ erred in finding no due process violation. The issue we must decide is whether the evidence offered by Evans at his 91–5p hearing established mental incompetence sufficient to support his claim that the denial to reopen was a due process violation. This is an issue of first impression. We review the evidence proffered at the hearing to determine whether a constitutional violation occurred. No constitutional violation will have occurred if substantial evidence supports the ALJ's decision at the 91–5p hearing. *Cf. Flaten v. Secretary of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir.1995) (stating that, when reviewing denial of benefits, the court will affirm the ALJ unless her opinion is unsupported by substantial evidence). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Substantial evidence is "more than a mere scintilla," but "less than a preponderance." *Young v. Sullivan,* 911 F.2d 180, 183 (9th Cir.1990) (citations omitted).

SSR 91–5p provides that a claimant may establish good cause to warrant reopening a previously denied application for benefits by proving that his or her mental incapacity prevented the making of a timely request for review of an adverse determination, and that the claimant had no legal representation at the time.

> The claimant will have established mental incapacity for the purpose of establishing good cause when the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review.

SSR 91–5p.

The record shows that, in 1987, Evans was treated as an outpatient at the Veterans Ad-

violation was even alleged in either *Matlock v. Sullivan,* 908 F.2d 492 (9th Cir.1990), or *Peterson v. Califano,* 631 F.2d 628 (9th Cir.1980).

**3.** The Commissioner's regulations also provide that reopening is appropriate in certain limited situations, including:

> Within four years of the date of the notice of the initial determination if we find good cause . . . to reopen the case. . . .

20 C.F.R. § 404.988(b).

ministration Hospital (VA) in Roseburg, Oregon. While there, he demonstrated extreme difficulty cooperating with fellow patients and following program regulations. A VA psychologist reported that Evans' test scores were "highly suggestive of impaired brain functioning at this time." In early 1990, he was diagnosed with alcoholism and depression. Nonetheless, at his self-initiated discharge from the VA program, the record notes that Evans was "functioning well and able to care for himself ... [and was] fully active and on a regular diet. He is considered competent for VA purposes."

A June 1990, consultative psychiatric evaluation found that Evans suffered from depression (for which he was on medication), alcoholism, and reduced concentration and that he might have problems completing tasks and understanding detailed instructions. His "judgment on formal testing," however, was found to be fair.[4]

In May, 1991, Evans suffered a stroke and was hospitalized, but he made a good physical recovery, and his alcoholism was in remission. Although Evans continued to suffer from a "chronic low level of depression," his thought process was "linear and coherent, he showed no evidence of a thought disorder," his judgment was intact, and his mild degree of memory impairment did "not impair his daily functioning."

In October, 1991, however, another psychiatrist noted that Evans had a long history of alcoholism, was dysphoric, had flat affect, demonstrated moderate psychomotor retardation and was clearly suffering from a major depression of moderate severity.[5] When questioned by the ALJ, Evans twice stated that he did not appeal his two previous denials because he "thought that was more or less the end of it."

Based on a review of the record and on Evans' never having been diagnosed as incompetent, the ALJ found that Evans did not show good cause under SSR 91–5p to reopen either of his two prior applications. In affirming, the Appeals Council reiterated the ALJ's findings, noting that "mental status exams revealed full orientation, average range of intelligence, no signs of thought disorder, mild degree of cognitive impairment involving recent and long-term memory, the ability to understand simple questions and that [he was] capable of handling [his] own affairs."

The record demonstrates that the Commissioner considered and weighed the medical evidence in reaching her determination that Evans was not so mentally impaired at the time of his first two application denials that not reopening would constitute a denial of due process. Her determination is supported by substantial evidence. The district court did not err in its alternative conclusion that the Commissioner's refusal to reopen is supported by substantial evidence.

**AFFIRMED.**

SCHWARZER, Senior District Judge, concurring:

I concur. As I understand the court's decision, it holds that on the facts alleged, the claimant stated a colorable due process claim. I do not understand it to hold that lack of counsel is a necessary element of such a claim.

---

4. It was shortly thereafter, on July 17, 1990, that Evans' first SSI application was denied.

5. Two months later, on December 23, 1991, Evans' second SSI application was rejected.