[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 97-1245

 THOMAS R. BOOTHBY,

 Plaintiff, Appellant,

 v.

 SOCIAL SECURITY ADMINISTRATION COMMISSIONER,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. D. Brock Hornby, U.S. District Judge]

 

 Before

 Selya, Boudin and Lynch,
 Circuit Judges.

 

Francis M. Jackson on brief for appellant.
Jay P. McCloskey, United States Attorney, David R. Collins,
Assistant United States Attorney, and Thomas D. Ramsey, Assistant
Regional  Counsel,  Office  of the Chief Counsel, Region I, Social Security
Administration, on brief for appellee.

 

 November 18, 1997
 

 Per Curiam. In February 1992, claimant Thomas Boothby

filed a pro se application for SSI benefits, alleging

disability on account of alcoholism and depression. When his

application was denied at the administrative level, claimant

failed to seek further review. In September 1993, after

suffering a heart attack, he filed a second such application

and, with the assistance of counsel, was eventually awarded

benefits pursuant thereto. The ALJ rejected his request to

reopen the first application, however, finding that new

evidence  documenting  his  mental impairments failed to establish

"good cause" for doing so. See 20 C.F.R. S 416.1488. After

the  Appeals  Council  declined review, claimant filed this action

in district court challenging the denial of his reopening

request. From a judgment dismissing the suit for lack of

jurisdiction, he now appeals. 

 The denial of a request to reopen an application for

disability benefits is ordinarily not reviewable in federal

court. See, e.g., Califano v. Sanders, 430 U.S. 99, 107-09

(1977); Colon v. Secretary of HHS, 877 F.2d 148, 152-53 (1st

Cir. 1989) (per curiam). An exception to this rule exists

where a colorable constitutional claim has been presented.

See ,  e.g. ,  Sa nders, 430 U.S. at 109; Dvareckas v. Secretary of

HHS ,  804  F.2d 770, 772 (1st Cir. 1986) (per curiam). Claimant

has attempted to advance such a claim here--arguing that,

because  his  mental  impairments prevented him from understanding

 -2-

and  pursuing  his  administrative remedies, and because he lacked

legal o

reopen  the  first application contravened due process. Such an

argument, when factually supported, has gained a favorable

judicial  reception.   See , e.g., Evans v. Chater, 110 F.3d 1480,

1482-83 (9th Cir. 1997) (listing cases); Parker v. Califano,

644 Torres or other representation at the time, the refusal t F.2d 1199, 1203 (6th Cir. 1981); v. Secretary of

HEW, 475 F.2d 466, 468-69 (1st Cir. 1973); see also Social

Security Ruling (SSR) 91-5p; Acquiescence Ruling 90-3(4). As

one  court  has  observed,  "It offends fundamental fairness ... to

bind  a  claimant to an adverse ruling who lacks both the mental

competency and the legal assistance necessary to contest the

initial  determination."   Young v. Bowen, 858 F.2d 951, 955 (4th

Cir. 1988).1

 1 Inexplicably, claimant made no mention of the due
process issue in his complaint or in his "itemized statement"
(although he did there refer to the analogous SSR 91-5p). 
The first written reference thereto appears in his objections
to the magistrate-judge's report; it is unclear whether the
issue was earlier raised at oral argument. Any claim not
presented to the magistrate-judge would be waived. See,
e.g., Borden v. Secretary of HHS, 836 F.2d 4, 6 (1st Cir.
1987). Yet because the Commissioner has not argued that any
such waiver occurred, we need not pursue the matter. 
Similarly, because the Commissioner has not contended that
the constitutional claim was subject to the administrative
exhaustion requirement, we need not address the issue. See,
e.g., Shrader v. Harris, 631 F.2d 297, 300 (4th Cir. 1980)
(excusing failure to present due process issue to Secretary).

 -3-

 On appeal, the Commissioner does not take serious issu

 opositions. Instead, he argues that the medical

 falls short of "definitively establishing tha e with  these  pr 2 evidence t

plaintiff was unfit to pursue the remaining administrative

remedies." Brief at 12. Yet the relevant inquiry here is

whether a "colorable" due process violation has been

demonstrated. This is not an onerous standard. See, e.g.,

Evans ,  110  F.3d  at  1483  (noting that "plaintiff whose challenge

was  not  'wholly  insubstantial, immaterial, or frivolous' stated

a colorable constitutional claim") (quoting Boettcher v.

Secretary  of  HHS, 759 F.2d 719, 722 (9th Cir. 1995)); Boock v.

Shalala ,  48  F.3d  348,  353 (8th Cir. 1995) (indicating that only

those claims that were "patently frivolous" would "fail to

confer jurisdiction upon the district court") (Campbell, J.,

sitting by designation).

 Upon review of the evidence here, we find that claimant

has presented a colorable due process claim. Dr. Doiron,

although  reporting well after the events in question, spoke of

an organic disorder with significantly compromised mental

functions, variable attention span, impaired concentration

 2 The Commissioner does assert at one point, without
elaboration, that "the alleged constitutional deprivation
must concern the proceeding at which the determination not to
reopen was made." Brief at 10 (citing Cherry v. Heckler, 760
F.2d 1186, 1190 n.4 (11th Cir. 1985)). Yet other courts have
taken a broader view of the Sanders exception, see, e.g.,
Evans, 110 F.3d at 1482-83, which we regard as the preferable
approach.

 -4-

levels, depressive symptomology and substandard reading

 y.3 And even Dr. Luongo, on whom the Commissioner

relies, spoke of an emotionally unstable personality disorder

with strong sociopathic and alcoholic features, a borderline-

defective intellect, a chronic difficulty in maintaining any

leve abilit l of responsibility, and an inability to handle funds.

Factfinding  is  of  course  the function of the agency rather than

a court. See, e.g., Torres, 475 F.2d at 469. We hold simply

that the evidence of mental incapacity in 1992, when claimant

failed  to  pursue his administrative remedies, is sufficient to

warrant further inquiry by the Commissioner.

 Because the due process inquiry involves a fact-specific

judgment  in  evaluating medical evidence, we remand the case so

the Commissioner can make this judgment as an initial matter

and--if satisfied that there was a denial of due process--

address the merits. This procedure is consistent with past

practice  in  earlier cases. We think it worth emphasizing that

this remand turns on whether claimant has made a "colorable"

due process claim. Nothing in this opinion is designed to

suggest that the Commissioner should necessarily find that a

violation occurred.

 3 The Commissioner has not objected to consideration of
the second Doiron report, which was first presented to the
Appeals Council. See, e.g., Perez v. Chater, 77 F.3d 41, 44-
45 (2d Cir. 1996) (following majority view that new evidence
submitted to Appeals Council is properly deemed part of
administrative record, even when Council has denied review).

 -5-

 We add that, given claimant's failure to raise the due

process  issue before the Commissioner, and given his tardiness

in presenting that issue squarely to the district court, see

note 1 supra, any request for attorney's fees in this court

would be looked upon with disfavor. 

 The judgment is vacated and the case remanded to the

district court, with directions to remand to the Commissioner

for further action consistent herewith. No costs.

 -6-