USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1245 THOMAS R. BOOTHBY, Plaintiff, Appellant, v. SOCIAL SECURITY ADMINISTRATION COMMISSIONER, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ____________________ Francis M. Jackson on brief for appellant. Jay P. McCloskey, United States Attorney, David R. Collins, Assistant United States Attorney, and Thomas D. Ramsey, Assistant Regional  Counsel,  Office  of the Chief Counsel, Region I, Social Security Administration, on brief for appellee. ____________________ November 18, 1997 ____________________ Per Curiam. In February 1992, claimant Thomas Boothby filed a pro se application for SSI benefits, alleging disability on account of alcoholism and depression. When his application was denied at the administrative level, claimant failed to seek further review. In September 1993, after suffering a heart attack, he filed a second such application and, with the assistance of counsel, was eventually awarded benefits pursuant thereto. The ALJ rejected his request to reopen the first application, however, finding that new evidence  documenting  his  mental impairments failed to establish "good cause" for doing so. See 20 C.F.R. S 416.1488. After the  Appeals  Council  declined review, claimant filed this action in district court challenging the denial of his reopening request. From a judgment dismissing the suit for lack of jurisdiction, he now appeals.  The denial of a request to reopen an application for disability benefits is ordinarily not reviewable in federal court. See, e.g., Califano v. Sanders, 430 U.S. 99, 107-09 (1977); Colon v. Secretary of HHS, 877 F.2d 148, 152-53 (1st Cir. 1989) (per curiam). An exception to this rule exists where a colorable constitutional claim has been presented. See ,  e.g. ,  Sa nders, 430 U.S. at 109; Dvareckas v. Secretary of HHS ,  804  F.2d 770, 772 (1st Cir. 1986) (per curiam). Claimant has attempted to advance such a claim here--arguing that, because  his  mental  impairments prevented him from understanding -2- and  pursuing  his  administrative remedies, and because he lacked legal o reopen  the  first application contravened due process. Such an argument, when factually supported, has gained a favorable judicial  reception.   See , e.g., Evans v. Chater, 110 F.3d 1480, 1482-83 (9th Cir. 1997) (listing cases); Parker v. Califano, 644 Torres or other representation at the time, the refusal t F.2d 1199, 1203 (6th Cir. 1981); v. Secretary of HEW, 475 F.2d 466, 468-69 (1st Cir. 1973); see also Social Security Ruling (SSR) 91-5p; Acquiescence Ruling 90-3(4). As one  court  has  observed,  "It offends fundamental fairness ... to bind  a  claimant to an adverse ruling who lacks both the mental competency and the legal assistance necessary to contest the initial  determination."   Young v. Bowen, 858 F.2d 951, 955 (4th Cir. 1988).1 1 Inexplicably, claimant made no mention of the due process issue in his complaint or in his "itemized statement" (although he did there refer to the analogous SSR 91-5p).  The first written reference thereto appears in his objections to the magistrate-judge's report; it is unclear whether the issue was earlier raised at oral argument. Any claim not presented to the magistrate-judge would be waived. See, e.g., Borden v. Secretary of HHS, 836 F.2d 4, 6 (1st Cir. 1987). Yet because the Commissioner has not argued that any such waiver occurred, we need not pursue the matter.  Similarly, because the Commissioner has not contended that the constitutional claim was subject to the administrative exhaustion requirement, we need not address the issue. See, e.g., Shrader v. Harris, 631 F.2d 297, 300 (4th Cir. 1980) (excusing failure to present due process issue to Secretary). -3- On appeal, the Commissioner does not take serious issu opositions. Instead, he argues that the medical falls short of "definitively establishing tha e with  these  pr 2 evidence t plaintiff was unfit to pursue the remaining administrative remedies." Brief at 12. Yet the relevant inquiry here is whether a "colorable" due process violation has been demonstrated. This is not an onerous standard. See, e.g., Evans ,  110  F.3d  at  1483  (noting that "plaintiff whose challenge was  not  'wholly  insubstantial, immaterial, or frivolous' stated a colorable constitutional claim") (quoting Boettcher v. Secretary  of  HHS, 759 F.2d 719, 722 (9th Cir. 1995)); Boock v. Shalala ,  48  F.3d  348,  353 (8th Cir. 1995) (indicating that only those claims that were "patently frivolous" would "fail to confer jurisdiction upon the district court") (Campbell, J., sitting by designation). Upon review of the evidence here, we find that claimant has presented a colorable due process claim. Dr. Doiron, although  reporting well after the events in question, spoke of an organic disorder with significantly compromised mental functions, variable attention span, impaired concentration 2 The Commissioner does assert at one point, without elaboration, that "the alleged constitutional deprivation must concern the proceeding at which the determination not to reopen was made." Brief at 10 (citing Cherry v. Heckler, 760 F.2d 1186, 1190 n.4 (11th Cir. 1985)). Yet other courts have taken a broader view of the Sanders exception, see, e.g., Evans, 110 F.3d at 1482-83, which we regard as the preferable approach. -4- levels, depressive symptomology and substandard reading y.3 And even Dr. Luongo, on whom the Commissioner relies, spoke of an emotionally unstable personality disorder with strong sociopathic and alcoholic features, a borderline- defective intellect, a chronic difficulty in maintaining any leve abilit l of responsibility, and an inability to handle funds. Factfinding  is  of  course  the function of the agency rather than a court. See, e.g., Torres, 475 F.2d at 469. We hold simply that the evidence of mental incapacity in 1992, when claimant failed  to  pursue his administrative remedies, is sufficient to warrant further inquiry by the Commissioner. Because the due process inquiry involves a fact-specific judgment  in  evaluating medical evidence, we remand the case so the Commissioner can make this judgment as an initial matter and--if satisfied that there was a denial of due process-- address the merits. This procedure is consistent with past practice  in  earlier cases. We think it worth emphasizing that this remand turns on whether claimant has made a "colorable" due process claim. Nothing in this opinion is designed to suggest that the Commissioner should necessarily find that a violation occurred. 3 The Commissioner has not objected to consideration of the second Doiron report, which was first presented to the Appeals Council. See, e.g., Perez v. Chater, 77 F.3d 41, 44- 45 (2d Cir. 1996) (following majority view that new evidence submitted to Appeals Council is properly deemed part of administrative record, even when Council has denied review). -5- We add that, given claimant's failure to raise the due process  issue before the Commissioner, and given his tardiness in presenting that issue squarely to the district court, see note 1 supra, any request for attorney's fees in this court would be looked upon with disfavor.  The judgment is vacated and the case remanded to the district court, with directions to remand to the Commissioner for further action consistent herewith. No costs. -6-