134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Orvin C. STANWOOD, Plaintiff-Appellant,
v.
Robert J. BURCH; Linda Carol Laird Smith; Jerry C. Smith,
Defendants-Appellees.
 No. 97-35332.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Decided Jan. 16, 1998.
 
 Before: BROWNING, KLEINFELD and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Orvin C. Stanwood appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for damages and injunctive relief alleging that defendant private parties are attempting to deprive him of his property without due process or just compensation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction, see Evans v. Chater, 110 F.3d 1480, 1481 (9th Cir.1997), and we affirm.
 
 
 3
 Stanwood's contention that the district court erred by dismissing his complaint for lack of subject matter jurisdiction lacks merit.
 
 
 4
 Stanwood's allegation that defendants, who are creditors of a third party and their lawyer, were using state law and the state courts to deprive Stanwood of his property is not sufficient to characterize defendants as persons acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707 (9th Cir.1991).[1] Because Stanwood did not allege facts that support federal jurisdiction under § 1983, the district court did not err by dismissing the complaint for lack of jurisdiction. See Franklin v. State of Oregon, 662 F.2d 1337, 1342-44 (9th Cir.1981).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Prior to dismissing the action, the district court afforded Stanwood an opportunity to amend the complaint "to plead facts sufficient to provide this court with jurisdiction." Although the court did not adequately explain the jurisdictional deficiency, Stanwood clearly could not amend his complaint to allege facts showing defendants were acting under color of state law. See Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir.1987)