Willie D. STOKES, Petitioner–
Appellant,

v.

Ernie ROE, Warden, Respondent–
Appellee.

No. 00–56154.
D.C. No. CV–99–6117–NM (RNB).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2001.

Decided Aug. 23, 2001.

Before FARRIS, SILVERMAN, and
PAEZ, Circuit Judges.

## MEMORANDUM *

Petitioner Willie Stokes appeals the dismissal of his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. The district court granted a certificate of appealability on two issues: whether Stokes was denied effective assistance of counsel when his trial counsel withdrew his plea of

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

not guilty by reason of insanity and whether he was denied due process when the trial court failed to hold a hearing on his competency to stand trial. Because Stokes should be appointed habeas counsel and permitted to engage in discovery, we vacate the dismissal of his petition and remand for further proceedings.

▮▮▮▮ Under 18 U.S.C. § 3006A(a)(2)(B), district courts are authorized to appoint counsel for habeas petitioners when "the interests of justice so require." A district court may permit discovery in habeas cases "for good cause," Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C. foll. § 2254, and may permit the record to be expanded by the inclusion of additional relevant materials. *Id.* at Rule 7.[1] We review a district court's failure to appoint counsel or authorize discovery for an abuse of discretion. *See Terrovona v. Kincheloe,* 852 F.2d 424, 429 (9th Cir.1988) (appointment of counsel); *Rich v. Calderon,* 187 F.3d 1064, 1068 (9th Cir.1999) (discovery).

▮▮▮▮ In order to vacate the district court's order and remand for appointment of counsel for Stokes, we must find that "the circumstances of [the] case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir.1986) (as amended). The record raises clear questions about Stokes' mental state. It strongly suggests that he suffers from schizophrenia or other psychosis. Stokes has been proceeding pro se throughout the state and federal habeas process in spite of his mental illness. Although Stokes apparently did not request that counsel be appointed, his appellate counsel did at oral argument, and these *circumstances* raise a

colorable claim for deprivation of due process. *Cf. Evans v. Chater,* 110 F.3d 1480, 1483 (9th Cir.1997) (finding that, in the context of social security benefits, a mental impairment "together with the fact that he was not represented by counsel throughout these earlier proceedings, is sufficient to assert a colorable constitutional claim").

Without prejudging the ultimate disposition of Stokes' petition, we note that he has raised nonfrivolous claims. But without further evidentiary support, it will be impossible for him to prevail. *Cf. Jones v. Wood,* 114 F.3d 1002, 1009 (9th Cir.1997) ("[D]iscovery is essential for Jones to develop fully his ineffective assistance of counsel claim."). The current state of the record, as developed by Stokes while proceeding pro se and under the limitations of his apparent mental illness, makes it difficult to thoroughly review his claims.

As represented by the State and Stokes' appellate counsel at oral argument, trial counsel has refused to submit an affidavit, supporting either position. The parties should be permitted to depose him. The record should be expanded to include psychiatric evaluations of Stokes, particularly with regard to his sanity at the time of the commission of the offense and his competency to stand trial. *See id.* ("Jones contended he needed this material to argue effectively that his trial lawyer had rendered ineffective assistance. We believe this to be 'good cause,' particularly given that there was never any hearing for the ineffective assistance claim at the state-court level.").

Therefore, we vacate the district court's order dismissing Stokes' petition. On remand, the district court is instructed to appoint counsel for Stokes and permit both Stokes and the State to engage in appro-

---

**1.** Rule 6 permits discovery in habeas cases, even if an evidentiary hearing is not permitted under the Anti–Terrorism and Effective Death

Penalty Act of 1996. *Cf. Jones v. Wood,* 114 F.3d 1002, 1009 (9th Cir.1997).

priate discovery. Reconsideration of Stokes' petition shall not be limited to the issues in the certificate of appealability. Resolution of Stokes' claims may require the district court to conduct an evidentiary hearing, as authorized by AEDPA. 28 U.S.C. § 2254(e)(2); *see also Jones,* 114 F.3d at 1013 ("Where, as here, the state courts simply fail to conduct an evidentiary hearing, the AEDPA does not preclude a federal evidentiary hearing on otherwise exhausted habeas claims.").

VACATED and REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.