**Jerome H. JOSEPH, Plaintiff–Appellant,**

v.

**Mark YOUNG, Field Office Manager Social Security Administration Bremerton WA; et al., Defendants–Appellees.**

**No. 01–35259.**

**D.C. No. CV–01–05039–RJB.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Jerome H. Joseph appeals pro se the district court's dismissal for lack of subject matter jurisdiction his action brought pursuant to 42 U.S.C. § 1985 alleging that employees of the Social Security Administration conspired to deprive him of Social Security benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction. *Evans v. Chater*, 110 F.3d 1480, 1481 (9th Cir.1997). We affirm.

Because the Social Security Act makes no provision for remedies in money dam-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits, *see Schweiker v. Chilicky,* 487 U.S. 412, 424–25, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988), and because Joseph has not exhausted administrative remedies on the Secretary's decision to cease his social security benefits, *see Heckler v. Ringer,* 466 U.S. .602, 617–18, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984), the district court properly dismissed Joseph's complaint for lack of subject matter jurisdiction.

Joseph's remaining contentions lack merit.

AFFIRMED.

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States.  *See* Fed. R.App. P. 43(c)(2).

\*\* Because the panel unanimously finds this case suitable for decision without oral argument, Loving's request for oral argument is denied.  *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.