Raymond D. ROLEN, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration,* Defendant–Appellee.

No. 00–56877.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001

Filed Dec. 11, 2001

Martin Taller, Anaheim, California, argued the cause for the appellant.

Leo R. Montenegro, on the brief, John Carvelas, San Francisco, California, argued the cause for the appellee.

Before: BRIGHT,** KOZINSKI and W. FLETCHER, Circuit Judges.

KOZINSKI, Circuit Judge:

Rolen applied for Social Security disability benefits in 1991, claiming that he had been disabled since 1989. The Administrative Law Judge dismissed his application on procedural grounds. A notice accompanying the dismissal order advised Rolen that "[i]f you disagree with the enclosed order of dismissal, you have the right to appeal." The notice did not advise Rolen that he could file a new application.

Four years later, Rolen filed a second application for benefits based on the same disability. The Appeals Council upheld the ALJ's finding that Rolen had been disabled since 1989, but declined to hold that the Commissioner should have reopened the 1991 application. As a result, Rolen is entitled to retroactive benefits only for the twelve months before his 1996 application. *See* 20 C.F.R. § 404.621(a)(1)(i). Had the Commissioner reopened Rolen's 1991 application, Rolen would have received approximately five years of additional retroactive benefits. *See id.*

Rolen sought judicial review in district court, claiming that he was denied due process because he was not advised, when his 1991 application was dismissed, that he could have his claim considered on the merits by filing a new application. The district court concluded that it lacked jurisdiction to review the Commissioner's refusal to reopen Rolen's 1991 application.

In this the district court erred. The court has jurisdiction to review the Commissioner's decision not to reopen a final benefits decision if the claimant presents a "colorable constitutional claim of [a] due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Evans v. Chater,* 110 F.3d 1480, 1483 (9th Cir.1997) (internal quotations and citations omitted). A claim is "colorable" if it is not "wholly insubstantial, immaterial, or frivolous." *Id.* (quoting *Boettcher v. Sec'y of Health & Human Servs.,* 759 F.2d 719, 722 (9th Cir.1985)). Because Rolen claims that he lost benefits because he was denied due process, and cites arguably relevant caselaw in support of his due process claim, he satisfies this standard. Therefore, the district court had jurisdiction to review the Appeals Council's refusal to reopen the 1991 application.

Though colorable, Rolen's due process claim fails. To satisfy due process, the notice accompanying an Order of Dismissal of a Social Security benefits application "must be reasonably calculated to afford parties their right to present objections." *Gonzalez v. Sullivan,* 914 F.2d 1197, 1203 (9th Cir.1990) (citation omitted). Moreover, the notice must not be so "misleading that it introduces a high risk of error into the disability decisionmaking process." *Id.*

The notice accompanying the order dismissing Rolen's 1991 application satisfied this standard. It informed Rolen that he could present objections by seeking administrative review of the ALJ's dismissal. Thus, it was reasonably calculated to inform Rolen of his right to present objec-

** The Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

tions. Additionally, the notice accurately stated the law, and therefore was not misleading.

We reject Rolen's argument that he was entitled, as a matter of due process, to a notice advising him of his right to file a new application. *Gonzalez* does not require that a notice provide strategic legal advice, or inform claimants about all possible responses to a dismissal. *Gonzalez* merely requires that notices inform claimants of what they must do if they wish to present objections to a dismissal.

█ The district court did not err in holding that it lacked jurisdiction to review Rolen's challenge to the Appeals Council's holding that 20 C.F.R. § 404.630 does not apply to formal appeals of existing actions. That challenge is not a "colorable constitutional claim of [a] due process violation." *Evans,* 110 F.3d at 1483.

AFFIRMED.