GR CORPORATION, a New Mexico Corporation, dba Galles Racing International, Inc., Plaintiff—Appellant,

v.

AMWAY CORPORATION, a Michigan Corporation; Rubbermaid Inc., an Ohio Corporation, Defendants—Appellees.

No. 00–56354.

D.C. No. CV–97–7569 FMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided Jan. 24, 2002.

---

Before PREGERSON, TASHIMA, and BERZON, Circuit Judges.

## MEMORANDUM *

Appellant GR Corporation, also known as Galles Racing International ("Galles"), appeals the district court's summary judgment order dismissing its action for quantum meruit, negligent misrepresentation and fraud, and breach of contract. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A district court's summary judgment order is reviewed de novo. *Clicks Billiards Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* The task is not to weigh the evidence, but rather only to determine whether there is a genuine issue for trial. *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999) (en banc).

■ Both parties in a quasi-contractual relationship must have contemplated compensation before quantum meruit recovery is available.[1] *See In re Estate of Mumford*, 173 Cal. 511, 160 P. 667, 672 (Cal. 1916) ("In order to support a right for recovery for services rendered upon a *quantum meruit*, which is the claim of respondents here, there must be evidence tending to prove that the services were rendered under some understanding or expectation of both parties that compensation therefor was to be made."); 1 WITKIN, SUMMARY OF CALIF. LAW, *Contracts* § 113 (9th ed. 1987) ("To enti-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The parties agree that California law governs the quantum meruit claim.

tle the plaintiff to recover [on quantum meruit], the circumstances must be such as to warrant the inference that it was the expectation of *both parties* during the time the services were rendered that compensation should be made.").

■ The district court correctly concluded that there is a "vacuum" of evidence establishing that either Amway Corporation ("Amway") or Rubbermaid Inc. ("Rubbermaid") individually intended to compensate Galles. Amway solicited Galles in June 1993 to procure a business opportunity, with the understanding that profits would be channeled into the Galles racing program. Amway, however, modified this arrangement on October 5, 1993, when it notified Galles that "Amway marketing does not intend to find a product in order to participate in or fund the Galles race program. Any benefit you receive from our affiliation would be derived directly from the companies you may bring to Amway." While Galles contends that it never understood this statement to mean that Amway expected Galles to be compensated by third-parties, we conclude that there is no reasonable alternative interpretation. When Amway stated that it "does not intend to ... fund the Galles race program," Galles could not reasonably presume an alternate mode of payment *by Amway*, especially since no details of such an alternate arrangement were ever discussed. We conclude that it is unreasonable to assume that Amway would leave the terms of a wholly new compensation arrangement, if that is what it intended, entirely unarticulated.

Similarly, there is no evidence that Rubbermaid ever considered compensating Galles. Rubbermaid neither solicited Galles' assistance, nor ever agreed to pay Galles a finder's fee for its efforts. While Galles did, on February 24, 1994, request that Rubbermaid sign a compensation agreement entitling Galles to a "standard sales representative commission" should an Amway/Rubbermaid alliance be formed, Rubbermaid never signed that agreement. Thus, the district court did not err in granting summary judgment to defendants on Galles' quantum meruit claim.

■ We likewise reject Galles' contention that the district court erred in granting summary judgment on the negligent misrepresentation and fraud claims. Negligent misrepresentation must relate to past or existing material facts in order to be actionable under California law.[2] *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 2 Cal.Rptr.2d 861, 863 (Ct.App.1991). Because the complaint alleges that Amway's and Rubbermaid's negligence involved future promises, the district court correctly granted summary judgment on the negligent misrepresentation claims.

■ Under Michigan law, however, a future promise made in bad faith without present intent to perform supports a claim for fraud. *Jim–Bob, Inc. v. Mehling*, 178 Mich.App. 71, 443 N.W.2d 451, 460 (Mich. Ct.App.1989). While the district court erred in finding to recognize that fraud can be based on a future promise uttered without the present intent to perform, we are not limited to the reasoning employed by the district court in affirming its summary judgment order. *Evans v. Chater*, 110 F.3d 1480, 1481 (9th Cir.1997) ("We may affirm 'on any ground finding support in the record, even if the district court relied on the wrong grounds or wrong reasoning.'"). We conclude that it is an

---

**2.** Michigan law applies to the fraud and negligent misrepresentation claims. Since there is, however, no difference between Michigan and California law on negligent misrepresentation, we apply California law.

uncontroverted fact that Rubbermaid never promised Galles compensation and that, while Amway did originally solicit Galles, Amway subsequently told Galles that compensation must be derived from third-party companies.[3] Thus, there is no fraudulent promise to support Galles' claim of fraud or deceit.

Finally, we reject Galles' contention that the district court erred in granting summary judgment on the breach of contract claims. Given the lack of evidence establishing that either Amway or Rubbermaid intended personally to compensate Galles, the asserted contractual relationship is unenforceable for lack of mutuality. While Galles also asserts a claim of promissory estoppel, this claim too fails for the reasons already discussed; in its most favorable light, the evidence presented establishes only that Galles misinterpreted Amway's seemingly clear directive that it seek compensation from third parties. There is no evidence from which a reasonable fact finder could conclude that either Amway or Rubbermaid contractually promised to compensate Galles.

Accordingly, the district court's summary judgment order is

**AFFIRMED.**

---

**3.** There also is no evidence that Amway, at the time it solicited Galles, intended not to fund the Galles race program.

