**Lori HOCKRIDGE, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 00–56277.

D.C. No. CV–99–13386–MC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2002.

Decided July 25, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and CEBULL, District Judge.*

MEMORANDUM **

District courts have jurisdiction to review only "final decision[s] of the Secretary made after a hearing." 42 U.S.C. §§ 405(g), (h); *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir.1997). The Appeals Council's decision of November 3, 1999, "not to reopen a prior, final benefits decision ... is discretionary and not a final decision; therefore, it is not subject to judicial review." *Evans*, 110 F.3d at 1482.

We recognize an exception to this rule where a claimant raises a "colorable constitutional claim" alleging violation of his "due process right ... to a meaningful opportunity to be heard." *Id.* at 1482–83

(internal quotation marks omitted). Hockridge argues that her due process rights were violated by: (1) the Commissioner's decision not to reopen her first benefits application, even though she had requested reconsideration within twelve months of denial, *see* 20 C.F.R. § 404.988(a); (2) the ALJ's denial of her second application on the grounds of res judicata, despite her submission of additional medical evidence; and (3) the Commissioner's failure, in the letters regarding her first application, to inform her of her rights to request reconsideration and to appeal, and of the ramifications of her failure to do so.

None of these claims is colorable because, upon review of the ALJ's denial of her second application, the Appeals Council treated the second application as a timely request to reopen the first. Thus, Hockridge was given the opportunity to challenge the denial of her first application and to present additional evidence in support of her disability claim. She therefore had "a meaningful opportunity to be heard." *Evans*, 110 F.3d at 1482 (internal quotation marks omitted).

Upon the denial of her second benefits application, Hockridge requested a hearing before an ALJ, which the ALJ granted. The Appeals Council held that the ALJ should have dismissed the request for a hearing, and retroactively dismissed the request. The Appeals Council acted within the scope of its authority to "adopt, modify or reject" an ALJ decision, 20 C.F.R. § 404.979, and did so only after considering the additional evidence presented by Hockridge. Hockridge, once again, had "a meaningful opportunity to be

* The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

heard." *Evans*, 110 F.3d at 1482 (internal quotation marks omitted).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.