Timothy **GIBLER**, Plaintiff—Appellant,

v.

Jo Anne B. **BARNHART**, Commissioner of Social Security Administration, Defendant—Appellee.

No. 03–16901.

D.C. No. CV–03–00823–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2004.*

Decided Oct. 8, 2004.

Mezzanine, San Francisco, CA, for Plaintiff–Appellant.

Alex G. Tse, Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before CUDAHY,** GRABER, and FISHER, Circuit Judges.

MEMORANDUM***

Plaintiff Timothy Gibler appeals from the district court's order dismissing, with prejudice, his second amended complaint against the Social Security Administration. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting be designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction, including dismissal for failure to exhaust administrative remedies. *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003). We also have de novo review over dismissals for failure to state a claim, *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir.2004), and decisions regarding issue preclusion, *San Remo Hotel, L.P. v. San Francisco*, 364 F.3d 1088, 1094 (9th Cir.2004), *petition for cert. filed*, 73 U.S.L.W. 3162 (U.S. Sept. 7, 2004) (No. 04–340).

After carefully reviewing the claims in Plaintiff's successive complaints, we conclude that the Second Amended Complaint properly was dismissed with prejudice. Several of Plaintiff's claims were not exhausted and do not warrant waiver of the exhaustion requirement. *See Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir.1993) (describing the exhaustion requirement and judicial standards for waiving the exhaustion requirement). Several of Plaintiff's claims were litigated previously, in *Gibler v. Barnhart*, 110 Fed.Appx. 829 (9th Cir.2004), and therefore are precluded. *See Littlejohn v. United States*, 321 F.3d 915, 923 (9th Cir.) (describing the requirements for issue preclusion), *cert. denied*, 540 U.S. 985, 124 S.Ct. 486, 157 L.Ed.2d 377 (2003). Plaintiff's remaining claims fail to state a "colorable constitutional claim of due process violation that implicate[s] a due process right [either] to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir.1997) (alteration in original) (citation and internal quotation marks omitted) (describing an exception to the exhaustion requirement for colorable due process claims).

Moreover, we hold that the district court did not abuse its discretion when it dismissed Plaintiff's Second Amended Complaint with prejudice, after giving Plaintiff two prior opportunities to focus and clarify his complaint. *Cf. McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir.1996) (holding that the district court did not abuse its discretion by dismissing the plaintiff's third amended complaint with prejudice for failure to abide by Rule 8, which requires that each averment of a pleading be "simple, concise, and direct").

AFFIRMED.