**Meguerditch MEKHALIAN, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security,\* Defendant– Appellee.**

No. 06–15708.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2008.\*\*

Filed Feb. 29, 2008.

Ian M. Sammis, Esq., San Rafael, CA, for Plaintiff–Appellant.

Jacqueline A. Forslund, Esq., SSA–Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK,\*\*\* Senior District Judge.

## MEMORANDUM\*\*\*\*

Mekhalian appeals from the district court's judgment dismissing his complaint and its subsequent order denying his mo-

---

\* Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of Social Security. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion for reconsideration. We affirm. Because the facts of this case are known to the parties, we need not repeat them here.

## I

"We review de novo the district court's order of dismissal for lack of subject matter jurisdiction." *Evans v. Chater*, 110 F.3d 1480, 1481 (9th Cir.1997). We hold, for the reasons stated below, that we lack subject matter jurisdiction because Mekhalian seeks review of an order of the Commissioner not ordinarily subject to judicial review, *see Udd v. Massanari*, 245 F.3d 1096, 1098–99 (9th Cir.2001) ("[a] decision not to reopen a prior, final benefits decision is discretionary and ordinarily does not constitute a final decision; therefore, it is not subject to judicial review"), and he has not raised a colorable constitutional claim of a due process violation to overcome the jurisdictional bar. *See id.* at 1099 (to be colorable, a constitutional claim must not be "wholly insubstantial, immaterial, or frivolous") (quotation marks and citation omitted).

Mekhalian argues that the Appeals Council denied him due process by (1) failing to consider his Wellbutrin prescription as new evidence of his alleged mental incapacity, and (2) failing, in light of this evidence, to order a hearing on whether a claimed mental impairment constituted good cause to reopen his previous application. The first argument is frivolous and merits only brief discussion: The Appeals Council *did* consider Mekhalian's new evidence in denying his request for review. *See* Tr.[1] 5–6 (explaining that the Appeals Council "considered the reasons [Mekhalian] disagree[d] with the [ALJ's] dismissal").

Even supported by evidence that he was taking Wellbutrin, Mekhalian's argument that he was entitled to a hearing on his mental capacity at the time his previous application was denied is wholly unsubstantial for several reasons:

First, Wellbutrin, which is used to treat depression and aid smoking cessation, was prescribed to Mekhalian as a smoking cessation tool and not, as he suggests, to treat depression, *see* Tr. at 255 (doctor's chart stating "Quit tobacco-> cont[.] Wellbutrin"); therefore, the prescriptions were not probative of his mental state.

Second, Mekhalian understood that his previous application had been denied within a month of the denial because a doctor's chart states that Mekhalian "want[ed] to know if [he] should reapply for disability," Tr. at 256; at that time, Mekhalian could have timely appealed.

Third, in a "Daily Activities Questionnaire" dated four months before the denial of his previous application, Mekhalian self-reported that he read the newspaper daily and was able to remember what he read, *see* Tr. at 71; this belies his claim that he was unable to comprehend the denial and his appeal rights months later.

Finally, Mekhalian was able to timely seek reconsideration of the denial of his current application for benefits, and subsequently seek further review by an ALJ, without assistance of counsel; there is no claim that his mental condition changed in the eight months that elapsed from the time that his previous application was denied to the time that his current application was denied.

We also note that neither Mekhalian, nor his counsel, invoked Mekhalian's alleged mental incapacity as a basis for reopening before the ALJ, the forum in which reopening was sought for the first time.

In sum, Mekhalian offered no colorable claim that the denial of a hearing on his

---

1. "Tr." refers to the transcript of the administrative proceedings field by the Commissioner as Appellee's Supplemental Excerpts of Record on July 27, 2006.

mental capacity at the time his previous application was denied violated due process.

## II

We review the district court's denial of Mekhalian's motion for reconsideration, which we construe to be brought pursuant to both Fed.R.Civ.P. 59(e) and 60(b), for abuse of discretion. *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993). We hold that because Mekhalian did not present to the district court newly discovered evidence, the district court did not commit clear error in granting the Commissioner's motion to dismiss, and there was no intervening change in law. *See id.* ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.").

**AFFIRMED.**