**Cheryl SCHUFF, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Social Security Administration, Defendant— Appellee.**

No. 07–35338.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 2009.*

Filed May 21, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cheryl R. Schuff, Kalispell, MT, pro se.

George F. Darragh, Jr., Esq., USGF–Office of the U.S. Attorney, Great Falls, MT, for Defendant–Appellee.

Before: BEEZER, HALL and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Cheryl Schuff appeals the district court's order granting summary judgement in favor of the Commissioner and denying Schuff's cross motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Judicial review of the Commissioner's failure to reopen Schuff's previous claim is not available because there is no constitutional right to representation at Social Security proceedings. *See Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (judicial review of failure to reopen available only where claimant raises colorable constitutional claim); *cf. United States v. Rivera–Sillas*, 417 F.3d 1014, 1018 (9th Cir.2005) ("A deportation proceeding is administrative in nature and is not accompanied by a right to counsel."). Additionally, there was no de facto reopening because the Administrative Law Judge ("ALJ") did not consider "on the merits" the issue of the Schuff's disability during the previously adjudicated period. *See Lester v. Chater*, 81 F.3d 821, 827 n. 3 (9th Cir.1995).

■ Although Schuff was not represented by counsel at her previous proceedings, the ALJ's application of res judicata was appropriate. The record from Schuff's previous claim is well developed. *Cf. Thompson v. Schweiker*, 665 F.2d 936, 941 (9th Cir.1982) (application of res judicata inappropriate where claimant not represented by counsel and administrative record inadequately developed). Schuff's mental impairment was not so severe that it would have affected her ability to pursue her claim during the previous proceedings. *Cf. Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir.1997) (holding claimant's mental impairment combined with lack of representation was sufficient to assert a colorable constitutional claim and good cause to reopen prior denials). Schuff did not allege any new impairments in her second application nor did she enter a new age

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

category that would affect the Commissioner's evaluation of her disability. *Cf. Lester,* 81 F.3d at 828 (application of res judicata inappropriate where claimant alleged new impairment in second application and had entered a new age category). And substantial evidence supported the ALJ's finding that Schuff's impairments had not increased in severity. *Cf. id.* at 827 (res judicata inapplicable where claimant has demonstrated an increase in the severity of her impairment).

■ The ALJ gave specific and legitimate reasons supported by substantial evidence for rejecting the opinions of treating physicians Drs. Van Belois and Lindsay because their records did not support their opinions and were inconsistent with substantial evidence in the record. *See Orn v. Astrue,* 495 F.3d 625, 631–33 (9th Cir. 2007); *see also* 20 C.F.R. § 404.1527(d)(2)–(4). Additionally, the ALJ was not required to accept Drs. Van Belois and Lindsay's opinions that Schuff was unable to work because the ultimate issue of disability is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e); *cf. Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). The ALJ also gave specific, clear, and convincing reasons supported by substantial evidence for finding Schuff was not entirely reliable because her statements were inconsistent with other evidence in the record and her daily activities. *See id.* at 958–60.

We have considered and reject Schuff's other claims raised on appeal.

**AFFIRMED.**