**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER L. ENGLAND, | No.    14-35538 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01417- BR |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted June 8, 2017[**]
Portland, Oregon

Before:     TASHIMA, GOULD, and RAWLINSON, Circuit Judges.

Christopher England ("England") initially applied for Social Security

Disability benefits in May, 2011.  That application was denied, and England did

not file an appeal within the allotted time.  England claims that he did not appeal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

because at the time of his denial, he was not represented by counsel and was suffering from lupus fog, which incapacitated him. In February, 2012, England, now represented by counsel, filed a motion to reopen the previous denial, alleging good cause for the late filing. He also filed a second application for benefits. The ALJ denied England's motion to reopen and denied his second application on *res judicata* grounds. After an unsuccessful appeal to the Appeals Council, England appealed to the district court, which dismissed the case for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"Where a claimant alleges that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits, he has asserted a colorable constitutional claim." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (citing *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997)). England made such allegations, and the district court was therefore incorrect in dismissing for lack of subject matter jurisdiction.

Nonetheless, we may affirm for any grounds supported by the record. *Marino v. Vasquez*, 812 F.2d 499, 508 (9th Cir. 1987). We conclude that England's motion to reopen his first application is properly denied on its merits.

The record does not support England's claim that he was suffering lupus fog. England therefore has not shown good cause for reopening his first claim.

England's second claim for benefits was rightly dismissed as *res judicata*. Both claims presented the same parties, the same facts, and the same issues. *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995).

**AFFIRMED.**