Joseph DVARECKAS, Jr.,
Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 86–1401.

United States Court of Appeals,
First Circuit.

Submitted Sept. 12, 1986.

Decided Sept. 22, 1986.

Raymond J. Kelly and Kelly & Duddy,
P.A., Bedford, N.H., on brief for plaintiff,
appellant.

Paul Germanotta, Asst. Regional Coun-
sel, Office of General Counsel, Dept. of
Health and Human Services, Richard V.
Wiebusch, U.S. Atty., Concord, N.H., and
Susan Howard, Asst. U.S. Atty., Manches-
ter, N.H., on brief for defendant, appellee.

Before CAMPBELL, Chief Judge,
BREYER. and TORRUELLA, Circuit
Judges.

PER CURIAM.

Claimant has been found disabled by the
Secretary and awarded benefits, but, dis-
satisfied with the onset date of disability,
claimant has sought judicial review.

Claimant was severely injured in a car
accident in 1959. He recovered sufficiently
to work as a mail room attendant up until
November 1981. He first applied for dis-
ability benefits in 1982. At the Secretary's
request, he was examined by a neurologist,
Dr. Astarjian, who concluded that while
claimant had significant limitations as a
result of the 1959 accident, his condition
had not deteriorated and was essentially
stable. The Secretary determined claimant
could return to his former occupation or
perform other light work and denied bene-

fits. The district court affirmed, and claimant did not seek further judicial review.

Instead, claimant filed a second application for benefits. Beginning after the Secretary had denied benefits the first time around, claimant had gone to some different doctors, and he submitted their reports in support of his second application for benefits. This time the agency review physician at the first level of the Secretary's four level review process (the initial determination) concluded that claimant was disabled. Believing the Appeals Council's decision on claimant's first application was dated October 1983 (in actuality, it was dated August 23, 1983), the agency doctor indicated the earliest onset date of disability (i.e., the earliest date at which benefits could be awarded) was November 1983. Dissatisfied with this onset date and contending he had been disabled since November 1981, claimant sought reconsideration. The reconsideration examiner, noting that the decision of the first ALJ (which had denied benefits and which had since become final when the district court upheld the denial and claimant did not seek further judicial review) was dated June 7, 1983 and that this decision could "not be changed," A 166, set the date of onset of disability at June 8, 1983.

Not having gained much at the reconsideration level, claimant went onto level 3, requesting a hearing before an ALJ and contending the proper onset date was November 1981. The ALJ dismissed claimant's request for a hearing applying res judicata principles. Then, treating claimant's request for a hearing as a request to reopen the prior adjudication, the ALJ determined there was no good cause to reopen. The Appeals Counsel thereafter declined review. Thus, in effect, the Secretary's final decision was that claimant was currently disabled, that there was no good cause to reopen the prior (1983) adjudication that claimant was not at that time disabled, and that consequently the earliest onset date consistent with administrative res judicata was June 8, 1983, the day following the first ALJ's decision.

Hoping to circumvent the res judicata effect of the Secretary's earlier (1983) decision, plaintiff moved (on July 24, 1985) in the district court under Fed.R.Civ.P. 60(b)(2) to reopen the court's May 24, 1984 decision which had upheld the Secretary's first decision denying benefits. Relying on *Califano v. Saunders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) which states that absent a colorable constitutional claim courts lack jurisdiction to review the Secretary's decision not to reopen a claim, the court denied claimant any substantive relief.

[1] On appeal, claimant first argues that his claim in his second application for benefits was not in fact the same claim as the one in his first application and that hence the Secretary improperly invoked administrative res judicata. It is true that claimant's second application was not identical to the first and that additional medical reports were submitted. It is clear from the two administrative records, however, that the claim for disability in both cases was based on essentially the same condition—the impairments remaining after the 1959 car accident. Whether these impairments were totally disabling was the matter adjudicated. Hence, the Secretary did not err in concluding that the two claims were the same.

■ Next, claimant challenges the Secretary's refusal to reopen. Absent a constitutional claim, we lack jurisdiction to review the Secretary's refusal to reopen a prior adjudicated claim. *Califano v. Saunders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

Claimant argues the Secretary in fact reopened the prior claim and adjudicated anew claimant's claim and onset date; hence *Califano* is no bar to judicial review. In support, claimant points to the fact that the first review examiner on claimant's second claim set the onset date at November 1983, but the second (reconsideration) examiner moved the date back to June 8, 1983. Because the Appeals Council's decision on claimant's first application was dated August 23, 1983, the setting of an onset

date at June 8, 1983, a date prior to the Secretary's final action on claimant's first claim, was a reopening of the first claim, plaintiff contends. Plaintiff is wrong. The Secretary has clearly and explicitly refused to reopen the claim. Instead, the Secretary has set the onset date at the earliest possible date consistent with the Secretary's interpretation of preclusion principles. That the Secretary has chosen the day following the first ALJ's decision rather than the day following the Appeals Council's decision is not inconsistent with a refusal to reopen, especially in view of the Appeals Council's practice to restrict the type of cases it will review, *see* 20 CFR §§ 404.967, 404.970 (1986), with the result that it is often (though not invariably) the ALJ's decision—rather than the Appeals Council's decision—which gives the fullest consideration to a disability claim.

Claimant next argues the Secretary erred in refusing to reopen. The regulations permit reopening when new and material evidence is submitted. 20 CFR § 404.989 (1986). In denying reopening, the ALJ stated that no new and material evidence relating to the period prior to the first ALJ's decision had been produced. Claimant says this is wrong because, since both the Secretary's doctor, Dr. Astarjian, and claimant's doctor, Dr. Levy, have stated claimant's condition is static and unchanged (Dr. Levy's April 16, 1985 letter states claimant's condition in 1984 at the time he was determined by the Secretary to be disabled was the same as his condition in 1982 when he originally applied for benefits but was found not disabled), the new medical report submitted with claimant's second application (which included a report from Dr. Levy) must have been material, otherwise the Secretary would not have found claimant disabled the second time around.

Whether additional medical reports are new or material or warrant reopening is precisely the type of issue which, absent a constitutional claim, we may not review, for to permit judicial review of such matters would be to circumvent the 60 day time limit. *Califano v. Saunders,* 430 U.S. 99, 108, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977).

We see neither any colorable constitutional claim here nor due process violation in the Secretary's processing of claimant's applications. Even if claimant's premise— that his condition in 1982 when he was denied benefits was identical to his condition in 1984 when benefits were awarded— is accepted,[1] claimant's argument is simply that the first decision was wrong and should now be corrected even though the time for further review has long since passed. We see no circumstances requiring relief. Claimant presented a rather bare bones case the first time around. That after losing once [2] claimant decided to consult further doctors who submitted more detailed and more convincing reports is not a reason to require claimant to be relieved of the impact of the first decision.

Regardless of whether claimant's motion in the district court is viewed as a petition for judicial review of the Secretary's decision on claimant's second application for benefits or a motion under Fed.R.Civ.P. 60(b)(2) to reopen the district court's May 24, 1984 order upholding the Secretary's denial of benefits on claimant's first application, there is no error in the district court's denial to claimant of substantive relief.

*Affirmed.*

---

1. We question, but need not decide, whether the Secretary would be required to accept this premise. Indeed, in progressing through the various administrative review levels, claimant contended his condition had worsened.

2. It is true that claimant did not have counsel during the first administrative proceeding, but claimant has thirteen years of education, his intellectual functions are intact, and he had the opportunity to obtain counsel had he so chosen.