May 4, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-2297

 ANGEL LOPEZ RODRIGUEZ,
 Plaintiff, Appellant,

 v.

 SECRETARY OF HEALTH AND HUMAN
 SERVICES,
 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Gilberto Gierbolini, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Torruella and Cyr, Circuit Judges.
 

 

 Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief
 
for appellant.
 Daniel F. Lopez Romo, United States Attorney, Jose Vazquez
 
Garcia, Assistant United States Attorney, and Robert J. Triba,
 
Assistant Regional Counsel, Department Health and Human Services
on brief for appellee.

 

 

 Per Curiam. Angel Lopez Rodriguez appeals the
 

judgment of the district court affirming a final decision of

the Secretary of Health and Human Services ("Secretary") that

appellant did not meet the disability requirements of the

Social Security Act.

 Appellant's application, filed April 13, 1989,

alleged an inability to work beginning October 15, 1984.

Because of an earlier disposition of his previous

applications, the period of alleged disability under review

here begins October 1, 1987 and ends December 31, 1989, when

appellant's insured status expired.1 The current

application was denied, appealed, and denied again. After a

de novo hearing, the Administrative Law Judge ("ALJ") found
 

that appellant had a residual functional capacity for the

full range of light and sedentary work, and so was not under

a disability as defined in the Act. The Appeals Council

denied review. An appeal was taken to the district court,

where a magistrate-judge concluded that the Secretary's

decision was supported by substantial evidence. Objections

to the magistrate's report were rejected by the district

court judge in a lengthy opinion. The district court also

 

1. Appellant filed two previous applications alleging the
same onset date. The earlier applications were denied on
September 30, 1987. The denial was affirmed by the Appeals
Council, and no further appeal was taken. There appears to
be no colorable challenge here to the finality of that
decision. Califano v. Sanders, 430 U.S. 99 (1977); Dvareckas
 
v. Secretary of HHS, 804 F.2d 770 (1st Cir. 1986).
 

 -2-

adopted the magistrate's findings and report in full,

affirming the Secretary's decision. We, too, affirm.

 Appellant claimed an inability to work due to a

nervous condition, and heart and back problems accompanied by

severe pain. Applying the sequential analysis required by

the regulations, the ALJ found that in combination

appellant's conditions were severe, but they did not meet or

equal any of the listed impairments. 20 C.F.R. 404.1520,

404.1520a. Appellant's conditions, nevertheless, were found

to prevent him from returning to his past relevant work as a

truck driver.

 Appellant does not dispute the above findings. He

takes issue, however, with the ALJ's finding at step five,

that despite his conditions, he has the residual functional

capacity to engage in the full range of unskilled light and

sedentary jobs available in the economy. Appellant argues

that the ALJ mistakenly determined that appellant had no

objective medical impairment likely to cause the severe

degree of pain alleged, improperly weighed the testimonial

evidence of pain, and erred in relying on 20 C.F.R. Part 404,

Supt. P, App. 2, Tables 1, 2 (the "grid"), rather than a

vocational expert. 

 Our standard of review is whether the Secretary's

findings are supported by "substantial evidence." We will

affirm the Secretary, "if a reasonable mind, reviewing the

 -3-

evidence in the record as a whole, could accept it as

adequate to support his conclusion." Ortiz v. Secretary of
 

HHS, 955 F.2d 765, 769 (1st Cir. 1991) (quoting Rodriguez v.
 

Secretary of HHS, 647 F.2d 218, 222 (1st Cir. 1981)).2 
 

 We have no difficulty finding substantial support

in the record for the ALJ's resolution of the purported

conflicts in the medical evidence. As to appellant's heart

condition, the record shows that appellant began complaining

of chest pain of an unknown origin in March, 1988. Diagnoses

included arthralgia, controlled hypertension and chest wall

syndrome. Although an initial electrocardiogram showed a

first degree atrioventricular block leading to a diagnosis of

angina, three later electrocardiograms and a stress test were

normal. The ALJ's conclusion that appellant's chest

condition was not ischemic in nature was thus logically

dictated by the medical findings and tests in the record. 

 There was a somewhat starker conflict in the

evidence relating to appellant's back condition. Appellant

was treated by a chiropractor between December, 1988 and May,

1989. The chiropractor reported that appellant showed a

limited range of motion and severe pain in the cervical and

lumbar areas, muscle spasm, poor motor function in his arms,

 

2. The ALJ's and magistrate's reports well summarize the
lengthy record, which includes a miscellany of physical
complaints and medical reports. We recap here only those
record parts necessary to our decision.

 -4-

a fair ability to walk on heels and toes and stiff gait, but

normal reflexes and no atrophy. The chiropractor diagnosed

an unstable lower back and possible discogenic disease, with

a poor prognosis. 

 By contrast, a consulting internist who examined

appellant in June, 1989 reported observing normal joints with

no swelling, tenderness nor decreased range of motion, a

normal gait, coordination and reflexes. X-rays of the

cervical spine were also normal, reflecting preserved disk

spaces. Lumbar region lateral flexion was normal, forward

flexion was reported to be a full 90 degrees, but with some

pain. The internist diagnosed back pain secondary to

paravertebral muscle spasm. 

 The ALJ fully credited the internist's report. He

declined to assign controlling weight to the treating

chiropractor's diagnoses because they were contradicted by

the other substantial objective medical evidence in the

record, including x-rays. He carefully explained his

conclusions as required by the regulations. 20 C.F.R. 

404.1527(d)(2) (1991). We have no doubt that the ALJ's

resolution of these conflicts was reasonable, within his

competence, and amply supported by the record. Rodriguez,
 

647 F.2d at 222. 

 As to appellant's nervous condition, the ALJ

concluded that it placed no limitation on appellant's ability

 -5-

to work. This conclusion was also well supported by the

medical evidence. Appellant had been referred by his

attorneys to a mental health center in March, 1989, where he

was diagnosed as suffering from a mild anxiety disorder.

After small doses of Vistaril were prescribed, appellant

reportedly remained stable and improved. The diagnosis was

confirmed by later evaluations in which appellant was

repeatedly described as oriented, alert, coherent and

relevant, having adequate logic, judgment and memory.

Although it was noted that appellant had slight difficulty

maintaining social functioning, concentration, and

persistence of pace, two residual mental capacity assessments

concluded that he retains the abilities to perform routine

work tasks and to cope with the demands of a work

environment. These assessments are sufficient to show that

appellant's mental capacity to engage in unskilled or semi-

skilled sedentary work remains intact. See Ortiz, 955 F.2d
 

at 769-70. 

 In sum, the record amply supports the ALJ's

determination that the credible diagnoses failed to show any

objective medical impairment reasonably associated with the

severe degree of pain and functional limitations alleged.

Moreover, there were no reports of any other clinically

verifiable symptoms of severe pain.

 -6-

 We also find no error in the ALJ's evaluation of

appellant's subjective complaints of pain. In accordance

with the guidelines set forth in Avery v. Secretary of HHS,
 

797 F.2d 19, 21 (1st Cir. 1986), the ALJ considered

appellant's testimony in light of the other record evidence.

Appellant described his current pain as radiating from under

the armpit and back; said that his vertebral column feels

crooked, and his arms feel dead. He also described strong,

sharp chest pain, accompanied by nausea and shortness of

breath, at times so severe that he claimed to lose

consciousness. And he testified to feelings of extreme

anxiety and palpitations, as well as difficulty sleeping. 

 As the ALJ noted, appellant's subjective

description was corroborated by neither medical nor lay

observations. In three visits to the District Office, and

during the residual mental capacity evaluations, appellant

showed no signs of any impairment consistent with severe

pain. The ALJ noted, as background, that shortly before the

current disability period, appellant himself had described

his daily activities as watching television, reading the

papers and the Bible, going to church almost daily,

occasionally visiting the sick, and driving about three times

a week. At the instant hearing, appellant testified, for the

most part, to more limited daily activities, but also

 -7-

mentioned some activities which seemingly would require a

high degree of exertion.3

 We necessarily defer to the ALJ's evaluation of

appellant's credibility, especially where it is supported by

substantial evidence and specific findings. Frustaglia v.
 

Secretary of HHS, 829 F.2d 192, 195 (1st Cir. 1987). The ALJ
 

credited appellant's subjective complaints of pain only to

the extent consistent with the medical evidence, indicating

the existence of mild pain. Although the appellant's

combination of conditions precluded his returning to his past

relevant work as truck driver, the ALJ further found that

appellant retained the capacity to engage in the full range

of light and sedentary work. 

 Although we have not located in the record any

residual functional capacity assessments, other than those

associated with appellant's mental impairment, we think the

ALJ made a competent, commonsense judgment about appellant's

exertional functional capacity based on the medical findings.

See Gordils v. Secretary of HHS, 921 F.2d 327 (1st Cir. 1990)
 

(although ALJ is ordinarily not qualified to assess residual

functional capacity based on bare medical record, he may do

so as long as he does not overstep the boundaries of a lay

 

3. Although appellant stated that he spent much of his time
in bed or in a hammock due to weakness and pain, when asked
about his personal relationships he mentioned that not long
ago, when his "blood pressure went up," he took a hammer and
broke a door. 

 -8-

person's competence); Perez v. Secretary of HHS, 958 F.2d
 

445, 446 (1st Cir. 1991) (a finding that claimant does not

suffer from any impairment posing significant exertional

restrictions would obviate the need for medical assessment of

exertional residual functional capacity). 

 In Gordils, we upheld a lay fact finder's
 

conclusion that a diagnosis of "weaker back" did not preclude

sedentary work. There we said we might be troubled by a lay

fact finder's opinion that a claimant was capable of the more

physically demanding efforts required by light work. In this

case, however, we need not pause to consider the ALJ's "light

work" conclusion, because his alternate finding that

appellant was "not disabled" from performing the full range

of sedentary work was, on the basis of the medical record

before us, well within the ALJ's competence.

 Accordingly, we also reject appellant's challenge

to the use of the grid instead of reliance on a vocational

expert. Rodriguez-Pagan v. Secretary of HHS, 819 F.2d 1, 3
 

(1st Cir. 1987), cert. denied, 484 U.S. 1012 (1988). The ALJ
 

consulted the grid only after determining that appellant's

alleged non-exertional impairments did not significantly

affect his ability to engage in the full range of work in the

sedentary jobs category. Considering appellant's age (46

years old), education (7th grade level) and work experience

(semi-skilled, non-transferrable skills), the ALJ properly

 -9-

reached the alternate conclusion that the grid directs a

finding of "not disabled". 20 C.F.R. Part 404, Subpt. P,

App. 2, Table 1, Rule 201.19. There thus was no prejudice in

the ALJ's failure to ask the vocational expert about how

plaintiff's non-exertional impairments might affect his

ability to perform light or sedentary work.

 For the reasons stated, the judgment of the

district court is affirmed.
 

 -10-