Blake v. SSA                    CV-02-112-B    03/18/03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Blake

    v.                                   Civil No. 02-112-B
                                        Opinion No. 2003 DNH 045
Jo Anne B. Barnhart


MEMORANDUM AND ORDER

On April 27, 1999, John Blake filed an application with the
Social Security Administration ("SSA") for Title II disability
insurance benefits ("DIB").  SSA denied his application initially
and again upon reconsideration.  Blake filed a timely request for
rehearing upon which administrative law judge ("ALJ"), Matthew J.
Gormley, III, held a discretionary hearing.  On April 27, 2000,
the ALJ issued his decision dismissing Blake's application.  The
ALJ construed Blake's application as a request to reopen a prior
application for DIB, which had been denied by the SSA.  The ALJ
dismissed Blake's 1999 application because it was untimely,
lacked good cause necessary to grant an untimely request to
reopen an application under Social Security Ruling 91-5p ("SSR

91-5p"), and was otherwise barred by the doctrine of <u>res judicata</u>. Blake appealed, but on January 11, 2002, the Appeals Council denied his request for review.

Blake brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the dismissal of his 1999 application. In response, the Commissioner argues in a motion to dismiss that I lack subject matter jurisdiction over this dispute. <u>See</u> Fed. R. Civ. P. 12(b)(1). For the reasons set forth below, I deny the Commissioner's motion to dismiss (Doc. No. 5).

## I. BACKGROUND

On November 9, 1992, Blake filed an application for DIB and for Title XVI supplemental security income benefits ("SSI"). At the time, Blake suffered from, among other things, post traumatic stress disorder, depression, and alcoholism. Blake filed his applications <u>pro</u> <u>se</u>. Both applications were denied at the initial level of administrative review. Blake sought further administrative review of the SSI denial, and he was ultimately found eligible for SSI by ALJ, Peter M. Murphy. However, Blake did not request further administrative review of the initial

decision denying his DIB application. Blake had received a written notice of the initial denial of his DIB application on December 27, 1992.

Over six years later, on April 27, 1999, Blake filed a second application for DIB, which was denied initially and upon reconsideration. Blake then requested a hearing before an ALJ. A discretionary hearing was held on February 2, 2000. The ALJ construed Blake's 1999 application as a request to reopen his 1992 DIB application for further adjudication. Blake's request, according to the ALJ, was based upon good cause that he was mentally impaired in 1992 and was unable to comprehend the administrative review process regarding the denial of his 1992 DIB application.[1] In rejecting this request, the ALJ concluded,

---

[1] Under the regulations, a decision may be reopened and revised within four years of the date of the initial determination with good cause. 20 C.F.R. § 404.988(b). A decision may also be reopened and revised at any time if particular circumstances are met, none of which apply in this case. See 20 C.F.R. § 404.988(c) Thus, on the face of the regulations, it appears that Blake could not maintain his request to reopen, as it falls outside the time limitations and conditions of the regulations. However, SSR 91-5p clarifies the interpretation of these regulations and states "[i]t has always been SSA policy that failure to meet the time limits for requesting review is not automatic grounds for dismissing the appeal . . . . When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of

in pertinent part, that Blake failed to demonstrate good cause necessary to grant an untimely request to reopen a prior application under SSR 91-5p, and that Blake's alleged mental illness did not sufficiently impair his ability to comprehend the administrative review process. Accordingly, the ALJ declined to reopen the 1992 DIB application or revise the initial decision denying it. The ALJ also concluded that, in so far as the 1999 application was a second application for DIB, the application must be dismissed on the grounds of administrative res judicata.

Blake retained a representative and requested a review of the ALJ's decision. In his request, Blake argued that the ALJ erred in concluding that Blake had the mental capacity to comprehend the 1992 DIB administrative appeals process. Thus, the ALJ's refusal to reopen and revise the case violated the provisions of SSR 91-5p. On January 11, 2002, the Appeals Council denied Blake's request that it review the ALJ's decision.

--------

an adverse determination, decision, dismissal, or review by a Federal district court, and the claimant had no one legally responsible for prosecuting the claim . . . at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review." SSR 91-5p, 1991 WL 208067 at *2.

Blake brought this suit, alleging that the ALJ's dismissal of his request to reopen his prior application violated SSR 91-5p and his Fifth Amendment due process rights. Specifically, Blake alleges that the ALJ failed to consider evidence that Blake was mislead by an SSA employee into believing he could not appeal the 1992 DIB decision.[2] Furthermore, Blake alleges that his pro se status and mental illness rendered him unable to comprehend the administrative appeals process, therefore, the ALJ should have granted his request to reopen the 1992 DIB application.

## II.  <u>STANDARD OF REVIEW</u>

When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving the existence of subject matter jurisdiction. <u>Aversa v. United States</u>, 99 F.3d 1200, 1209 (1st Cir. 1996). I must construe the complaint liberally, treating all well-plead facts as true and indulging all reasonable inferences in favor of the plaintiff. <u>Id.</u> at 1209-210. The moving party may present, and I may consider,

---

[2]  According to the record before me, this allegation was not presented to the ALJ or to the Appeals Council.

materials outside of the pleadings that dispute the plaintiff's jurisdictional facts.  <u>Valentin v. Hosp. Bella Vista</u>, 254 F.3d 358, 363 (1st Cir. 2001); 5A C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1350 at 213 (2d ed. 1990).

## III.  <u>DISCUSSION</u>

Judicial review of the commissioner's decisions is limited to "any final decision . . . made after a hearing."  42 U.S.C. § 405(g).  The denial of a request to reopen an application for disability benefits is discretionary and generally not subject to judicial review.  <u>See</u> <u>Califano v. Sanders</u>, 430 U.S. 99, 107-09 (1977); <u>Colon v. Sec'y of HHS</u>, 877 F.2d 148, 152 (1st Cir. 1989).  An exception to this rule exists where a colorable constitutional claim has been presented by the claimant.  <u>See</u> <u>Sanders</u>, 430 U.S. at 109; <u>Dvareckas v. Sec'y of HHS</u>, 804 F.2d 770, 772 (1st Cir. 1986); <u>Leach v. Apfel</u>, 2000 WL 1511197 at *4 (D.Me. 2000).[3]

---

[3]  The Ninth Circuit has refined the Sanders exception to apply to "any colorable constitutional claim of a due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination."  <u>Rolen v. Barnhart</u>, 273 F.3d 1189, 1191 (2001) (brackets omitted).

The commissioner argues that federal courts may only review her "final" decisions. Because a declination to reopen a prior application for benefits does not constitute a "final" decision, the commissioner concludes that I lack subject matter jurisdiction in this case. The commissioner also claims that I lack subject matter jurisdiction to review the ALJ's dismissal of the 1999 application on the alternate theory of res judicata. In response, the plaintiff claims that subject matter jurisdiction exists because he raises a colorable constitutional claim, namely that his mental illness and misleading statements by SSA officials rendered him unable to comprehend the administrative appeals process regarding his 1992 DIB application. Thus, he claims that the ALJ's denial of his request to reopen the application violates his due process rights under the Fifth Amendment.

As I must at this stage of the proceedings indulge all reasonable inferences in favor of Blake, his complaint can be construed to allege that he suffered from post traumatic stress disorder at the time he filed his 1992 DIB application pro se. Furthermore, he claims that his mental illness, along with his

allegation that SSA officials mislead him, rendered him unable to comprehend or act upon the administrative remedies available to him regarding the denial of his 1992 DIB application. Again, giving Blake the benefit of all reasonable inferences, the complaint concludes that because he was unable to effectively comprehend or act upon the administrative appeals process, the ALJ's decision not to reopen the 1992 application for good cause violated SSR 91-5p and his right to due process under the Fifth Amendment. See Compl. at ¶ IV.[4]

The First Circuit has not decided whether notice of the administrative appeals process to a pro se claimant who is unable to comprehend or act upon it because of mental impairment or misleading information raises a colorable constitutional claim exempt from the general limitation of judicial review.[5] Those

_____

[4] I note that the plaintiff's objection appends the decision of the ALJ (Murphy) regarding claimant's eligibility for SSI benefits. The decision specifically notes that Blake has suffered from, among other things, post traumatic stress disorder and chronic depression since at least November 9, 1992. These mental impairments, according to the ALJ, affected Blake's ability to concentrate, think, or complete tasks in a timely manner.

[5] The First Circuit has looked favorably upon such an argument in dicta and in a recent unpublished opinion. See Matos v. Sec'y of HEW, 581 F.2d 282, 287 n.8 (1978) (noting that mental

-8-

claimants who have raised the argument elsewhere, however, have obtained favorable results. See e.g., Sieberger v. Apfel, 134 F.3d 37, 39 (2d Cir. 1997) (collecting cases); Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997); Leach, 2000 WL 1511197 at *4. I follow these decisions and conclude that, in so far as Blake's constitutional claim is based upon mental impairment rendering him unable to understand or act upon the administrative appeals process in 1992, it raises a colorable constitutional claim. See id.

Because Blake has raised a colorable constitutional claim regarding the ALJ's declination of the request to reopen the 1992 DIB application, I have subject matter jurisdiction over this decision. Any further review of this matter shall be limited to whether substantial evidence supports the ALJ's determination that Blake was able to comprehend and/or act upon the administrative remedies available to him in 1992. Accordingly, I deny the commissioner's motion to dismiss.

---

disability could have affected claimant's ability to pursue administrative remedies); Boothby v. Commissioner, 132 F.3d 30, 1997 WL 727535 (1st Cir. 1997) (unpublished table opinion).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

March 18, 2003

cc:   David Boderick, Esq.
      Raymond Kelly, Esq.