Blake v. SSA                    CV-02-112-B    11/14/03

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**John Blake**

  **v.**          Civil No. 02-112-B
                Opinion No. 2003 DNH 196

**Social Security Administration**


### MEMORANDUM AND ORDER


John Blake claims that the Social Security Administration ("SSA") violated his Fifth Amendment right to procedural due process when it rejected his effort to revisit a six year-old ruling denying his claim for Disability Insurance Benefits ("DIB"). Blake contends that his belated effort to pursue his DIB claim should have been permitted because he suffers from mental impairments that prevented him from understanding and acting upon the administrative review process in a timely fashion. Although I ordinarily will sustain an administrative ruling on an issue such as this if the ruling is supported by substantial evidence, I remand for a further hearing because Blake was not given a reasonable opportunity to prove his

contention before an administrative law judge.

## I.  BACKGROUND

On November 9, 1992, Blake filed a pro se applications for DIB and Supplemental Security Income Benefits ("SSI") pursuant to Title II and Title XVI of the Social Security Act.  The SSA initially denied both applications on December 27, 1992.  Blake sought further review of his SSI claim but did not pursue his DIB claim.  ALJ Peter Murphy ultimately awarded Blake SSI benefits in 1994.

Blake filed a second application for DIB on April 27, 1999, more than six years after the SSA denied his original application.[1]  ALJ William Gormley sent Blake a hearing notice for his 1999 application which explained that "[t]he undersigned Administrative Law Judge will receive testimony and additional documentary evidence in order to decide whether reopening of the [1992 DIB application] is warranted."  The notice further stated that

> The general issue to be decided is whether

---

[1] Apparently, the 1999 application was prompted by Blake's receipt of a letter indicating that his SSI was about to run out.

> you are entitled to a period of disability
> under section 216(i) of the Social Security
> Act and to disability insurance benefits
> under 223(a). The specific issues to be
> decided are (1) whether you have enough
> Social Security earnings to be "insured for
> disability" and, if so, as of what date; (2)
> the nature and extent of your impairment; (3)
> whether your impairment has lasted or can be
> expected to last for at least 12 months, or
> can be expected to result in death; (4) your
> ability to engage in substantial gainful
> activity since your impairment began; and (5)
> when your disability, if any began.

Record at 80.

The hearing on Blake's 1999 application focused on the merits of his claim rather than his mental capacity to understand and comply with the administrative review process in 1992. Blake was not questioned directly concerning his reasons for failing to appeal from the denial of his application in 1992. Nor did the medical evidence he produced pertain directly to his mental capacity to understand and comply with the administrative review process.

ALJ Gormley declined to reopen Blake's 1992 application on procedural grounds. He noted that a claimant in Blake's position is entitled to have a prior application reopened "[w]hen the claimant's late filing of a request for administrative review is

based on evidence that mental incapacity prevented him from timely requesting review of an adverse determination . . . ." Record at 17. Notwithstanding ALJ Murphy's ruling in 1992 that Blake was entitled to SSA benefits because his mental impairments prevented him from being able to work, ALJ Gormley concluded that Blake's mental impairments did not prevent him from being able to appeal the 1992 decision denying his request for DIB. He based his ruling primarily on the fact that Blake was able to file his initial applications for DIB and SSA benefits and successfully appealed the denial of his SSA claim. He also reviewed the minimal medical evidence in the record and concluded that "treatment notes from treatment sources are not indicative of any mental incapacity which interfered with [Blake] being able to timely request review of an adverse determination or otherwise prevented him from being able to understand the review process." Id.

Blake subsequently brought suit in this court alleging that the ALJ's dismissal of his request to reopen his prior application violated his Fifth Amendment due process rights.

## II. ANALYSIS

-4-

Under the applicable Social Security Administration regulations, an administrative decision denying a claim for benefits may be reopened and revised within four years of the date of the initial determination for good cause. 20 C.F.R. § 404.988(b). A decision may also be reopened and revised at any time if particular circumstances are met, but none of these circumstances are present in this case. See 20 C.F.R. § 404.988(c). Thus, on the face of the regulations, it appears that Blake could not maintain his request to reopen as it falls outside the time limitations and conditions of the regulations. Social Security Ruling 91-5p, however, clarifies the interpretation of these regulations and states "[i]t has always been SSA policy that failure to meet the time limits for requesting review is not automatic grounds for dismissing the appeal . . . . When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, dismissal, or review by a Federal district court, and the claimant had no one legally responsible for prosecuting the claim . . . at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review."

S.S.R. 91-5p, 1991 WL 208067 at *2.  I have jurisdiction to

review ALJ Gormley's decision not to reopen Blake's 1992 application because he has raised a colorable claim that the decision violated his right to due process. See Blake v. Burnhart, 2003 DNH 045*9.

The First Circuit has not identified the standard of review that a district court should employ when it reviews an ALJ's ruling that a claimant had sufficient mental capacity to challenge an adverse benefits ruling. The Second, Fourth, and Ninth Circuits, however, have all held that such a ruling should be reviewed under the familiar substantial evidence test. Steiberger v. Apfel, 134 F.3d 37, 41 (2nd Cir. 1997); Shrader v. Heckler, 754 F.2d 142, 144 (4th Cir. 1985); Evans v. Chater, 110 F.3d 1480, 1484 (9th Cir. 1997).[2] Ordinarily, I would follow the lead of these courts. In this case, however, ALJ Gormley held a hearing to consider whether to reopen Blake's 1992 application for DIB but failed to give him adequate notice as to the issues he intended to consider at the hearing. Nor did ALJ Gormley make

---

[2] The fact that Blake did not adequately argue the due process issue below is not sufficient to bar my consideration. Shrader v. Harris, 631 F.2d 297, 300 (4th Cir. 1980)(excusing failure to present due process issue to Secretary.).

a satisfactory effort to develop a record on which to decide the issue. Accordingly, I remand for a further hearing.

Although ALJ Gormley notified Blake that he intended to hold a hearing on whether to reopen Blake's 1992 DIB application, the hearing notice did not explain that Blake would be required to prove that his mental impairments prevented him from being able to understand and comply with the administrative review process. Instead, it suggested that the hearing would focus on the merits of his claim for DIB. As a result, although Blake attempted to demonstrate that his mental impairments prevented him from being able to work, he did not attempt to explain how his impairments affected his ability to appeal the adverse DIB ruling. The hearing notice Blake received did not meet the minimum requirements of due process because it prevented him from being able to properly prepare for the hearing. See, e.g., Loudermilk v. Burnhart, 290 F.3d 1265, 1268 (11th Cir. 2002); Gonzalez v. Sullivan, 914 F.2d 1997, 1203 (9th Cir. 1990).

The problem created by the defective hearing notice was compounded by the fact that ALJ Gormley did not attempt to develop evidence concerning the impact of Blake's impairments on

his ability to appeal the 1992 DIB ruling. In view of the fact that another ALJ had previously determined that Blake suffered from mental impairments that prevented him from being able to work in 1992, ALJ Gormley had substantial reason to be concerned about Blake's ability to appeal the adverse DIB ruling. Nevertheless, he did not question Blake about the issue directly or otherwise attempt to develop the record on the issue. As the Supreme Court has recently explained, "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103, 111 (2000). ALJ Gormley did not fulfill his responsibility to develop the record.

In summary, ALJ Gormley should have (a) put Blake on notice as to the nature of the inquiry; (b) inquired of Blake as to his mental capacity to follow or understand the appellate process in 1992; and (c) in the absence of existing documentation in the record, collected documentation or testimony from the doctors and social workers who treated Blake at the relevant time.

## IV.  <u>CONCLUSION</u>

I deny defendant's motion to affirm (Doc. No. 24) and grant plaintiff's motion to remand (Doc. No. 20).  I remand to the SSA for further consideration consistent with this opinion.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

November 14, 2003

cc:  David Boderick, Esq.
     Raymond Kelly, Esq.