**Pamela WHITZELL, Plaintiff**

v.

**Michael J. ASTRUE, as he is the Commissioner, Social Security Administration, Defendant.**

**Civil Action No. 06–11951–WGY.**

United States District Court, D. Massachusetts.

Dec. 10, 2008.

---

98. Sender, *supra* note 39, at 27 (discussing German and Dutch courts' rejection of the complexity argument).

Rayford A. Farquhar, United States Attorney's Office, Boston, MA, for Defendant.

Morris Greenberg, Green & Greenberg, Providence, RI, for Plaintiff.

## MEMORANDUM OF DECISION

YOUNG, District Judge.

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Pamela Whitzell ("Whitzell") brings this motion to remand an unfavorable decision of Michael J. Astrue, the Commissioner ("Commissioner") of the Social Security Administration ("Administration").

Whitzell claims that the Commissioner deprived her of an opportunity to appeal from the decision, which was issued after a consolidated hearing regarding her two applications. Whitzell's Memorandum in Support ("Pl. Memo.") at 11. She also alleges that the determination concerning her disability was not supported by substantial evidence. *Id.* at 12–14. In particular, she alleges that the assessment of her residual functional capacity lacked substantial evidence and that her myofascial pain was not considered in the determination of her disability. *Id.*

The Commissioner moves for an order affirming the decision. The Commissioner claims that there was no mistake in the proceedings, and that the Commissioner's decision is supported by substantial evidence.

### A. Procedural Posture

On December 11, 2001, Whitzell filed an application for Supplemental Security Income ("SSI") ("the December 2001 application"), alleging that her disability began on April 1, 2001.[1] Administrative Record ("R.") at 66–68. On November 17, 2003, the Administrative Law Judge ("hearing officer") issued an unfavorable decision.[2]

---

1. In her memorandum in this Court, Whitzell represented that her disability began on August 4, 2001. Pl. Memo. at 1. This appears to be a mistake.

2.

The hearing officer made the following findings: (1) Whitzell had not engaged in substantial gainful activity since December 11, 2001, R. at 28; (2) Whitzell has medically identifiable impairments that limit her ability to do basic work activities, namely, severe lumber degenerative disc disease, depression, post traumatic stress disorder, and personality disorder, *id.*; (3) that these impairments are not severe enough to meet or equal the impairments in Appendix 1, *id.*; (4) that, having considered the entire record and the testimony of both Whitzell and the vocational expert, the "severity of symptoms and degree of incapacity alleged by the claimant [are] exaggerated and not credible." *Id.* The hearing officer concluded that:

[Whitzell] has the residual functional capacity to perform the exertional and non-exertional requirements of work except for an inability to lift/carry greater than 20 pounds; a "moderate" limitation in the ability to maintain attention/concentration; a "moderate" limitation in the ability to deal appropriately with the public/coworkers/supervisors; and a "moderate" limitation in dealing with the ordinary requirements of attendance/perseverance/pace (20 CFR 416.945).

*Id.* [5] Given Whitzell's limitations, the hearing officer recognized that she is not capable of performing her past work as a certified nurse's aid nor a full range of light work. *Id.* at 28–29. There are, however, a significant number of jobs in the national economy that Whitzell could perform. *Id.* at 29 (concluding Whitzell is not disabled "[b]ased on an exertional capacity for light work, and the claimant's age, education, and past work experience"). Consequently, the hearing officer determined that Whitzell was "not disabled" as defined by the Social Security Act. *Id.*
*Whitzell v. Barnhart,* 379 F.Supp.2d 204, 211–212 (D.Mass.2005).

*Id.* at 16–29. Whitzell timely requested that the Appeals Council review the decision. *Id.* at 13–14.

On May 4, 2004, while her request was still pending, Whitzell applied for Disability Insurance Benefits ("DIB") and again for SSI (collectively "the May 2004 application"). R. at 339. In this application she again alleged that her disability started on April 1, 2001. *Id.* The Administration determined that Whitzell should have been allowed to file for DIB at the time of her original application for SSI, in December 2001, and awarded the DIB application a protective filing date. *Id.*

On June 4, 2004, the Appeals Council denied Whitzell's request for review of the decision on her December 2001 application, making the decision of the Commissioner final. R. at 5–8. On July 8, 2004, Whitzell filed a complaint in the U.S. District Court to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). *Id.* at 355–59. She argued that (1) the residual function capacity assessment and credibility findings were not based on substantial evidence and (2) the Commissioner failed to establish that there was other work in the national economy that Whitzell could perform. *Id.* On July 29, 2005, this Court ruled that the hearing officer's residual function capacity assessment and credibility findings were supported by substantial evidence but remanded the matter to the Commissioner with respect to the issue of work in the national economy, noting a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles. *Whitzell,* 379 F.Supp.2d at 220.

On March 16, 2006, the hearing officer held a consolidated hearing on Whitzell's May 2004 application and the remanded matter of the December 2001 application.

R. at 339. The notice of the hearing explicitly stated · that the hearing officer would consider both claims. *Id.* at 602.

On August 18, 2006, the hearing officer issued an unfavorable single decision. R. at 339–352. In the first paragraph under the heading "Decision," the hearing officer concluded that Whitzell was not disabled under sections 216(i) and 223(d) of the Social Security Act and therefore her May 2004 [3] application for SSI and DIB was denied. R. at 352. In the second paragraph, the hearing officer ruled that Whitzell was not disabled under section 1614(a)(3)(A) of the Act and denied her December 2001 application for SSI. R. at 352.

The hearing officer's decision was accompanied by a notice explaining Whitzell's rights of appeal. R. at 336–38. It stated that she must file any exceptions (or seek additional time to do so) with the Appeals Council within thirty days from the date she received the decision. *Id.* at 336. The notice also specified that Whitzell was presumed to receive the decision within five days after the decision was issued, unless she could show she received it later than the fifth day. *Id.*

On October 20, 2006, Whitzell requested that the Appeals Council review the denial of her "claim for SSDI/SSI benefits dated August 18, 2006." R. at 333. She also stated that the consolidation of her May 2004 application with the matter remanded by the district court regarding her December 2001 application deprived her of her right to have the Appeals Council review the decision made with respect to her May 2004 application. *Id.* She claimed further that she disagreed with the decision because the evidence of record supported her disability claim. *Id.* She requested an au-

---

**3.** The hearing officer referred to the application as "protectively filed on December 11, 2001."

diotape of the hearing and requested a thirty day extension to file written comments upon receipt of the audiotape.

On November 20, 2006, the Appeals Council responded that because Whitzell failed to follow procedural requirements, the hearing officer's decision of August 18, 2006 was final. R. at 330. The Appeals Council explained that Whitzell was required to file her exceptions to the decision within the thirty day period, and that cases remanded by the district court were not entitled to automatic review. *Id.* The Appeals Council advised Whitzell that the final decision of the Commissioner could be revised by the district court if she filed a new civil action within sixty days, and explained that the grounds for the complaint with the district court were 42 U.S.C. 405(g) and 42 U.S.C. 1383(c) as to her claims under Title II and Title XVI, respectively. *Id.* at 330–32.

On November 26, 2007 Whitzell filed in this Court a motion for summary judgement [Doc. 14], which was accompanied by her memorandum [Doc. 15]. She requested that the Court remand the Commissioner's final decision dated August 18, 2006 for the "proper evaluation of all the evidence." Pl. Memo. at 15. On January 4, 2008, the Commissioner responded with a Motion for an Order Affirming the Decision of the Commissioner [Doc. 16] and a Memorandum in Support of Commissioner's Position ("Comm. Memo.") [Doc. 17].

## B. Facts

The facts presented by Whitzell with regard to her medical records generally are not contested by the Commissioner. Pl. Memo. at 2–10; Comm. Memo at 2–3.

They turn out to be irrelevant, however, for review in this Court.

## C. Federal Jurisdiction

Pursuant to 42 U.S.C. § 405(g), a district court is authorized to review final decisions of the Commissioner of Social Security and may affirm, modify, or reverse any decision, with or without remanding the matter for further consideration. The time to request the review is either sixty days after mailing the notice of the decision or any longer time allowed by the Commissioner.

Whitzell filed her civil action within the prescribed period. Nevertheless, it is not clear whether the decision about which she complains is a final decision of the Commissioner. Thus, the issue whether this Court has jurisdiction over this case must first be analyzed.

## II. ANALYSIS

### A. Consolidated hearing

■ The March 16, 2006 hearing that preceded issuance of the decision about which Whitzell complains here was a consolidated hearing held pursuant to Title 20 C.F.R. § 404.952. This regulation establishes two requirements for holding a consolidated hearing: (i) a claimant has requested hearings to decide her benefit rights under Title II of the Social Security Act and under another law that falls within the ambit of the administrative jurisdiction of the Social Security Administration; and (ii) at least one issue to be considered at the requested hearing is the same that is involved in the other pending claim. The decisions issued by the hearing officer may either be separate or consolidated.[4] *See* 2

---

4. There are only a few judicial decisions concerning this issue. Issues of fact of disability, extent and duration of disability, and whether disability has terminated may be determined in a single hearing. *See Myers v. Richardson,* 471 F.2d 1265, 1267 (6th Cir.1972). *See also Cox v. Mathews,* 421 F.Supp. 721 (N.D.Cal. 1976), *rev'd on other grounds sub nom., Cox v. Califano,* 587 F.2d 988 (9th Cir.1978).

Harvey L. McCormick, *Social Security Claims and Procedures* 39 (5th ed. 1998).

There is no doubt that in the instant case the first requirement is met. The consolidated hearing considered Whitzell's two applications, one of which was for DIB (benefits under Title II of the Social Security Act) and the other was for SSI (benefits under Title XVI).

■ Nevertheless the "common issue" requirement seems not to have been fulfilled, although the issue of her disability was common to both claims. The issue that was remanded for further consideration with regard to Whitzell's December 2001 application concerned a vocational expert's testimony as to existence of jobs that she was able to perform in the national economy. This issue constitutes the last (fifth) step in the determination of disability.[5] The issue raised by the May 2004 claim was Whitzell's eligibility for disability benefits. Obviously, an essential part of this claim is the determination of Whitzell's disability, which must be conducted in five steps. The applicable regulation, 20 C.F.R. § 404.1520, provides that the hearing officer must proceed step by step, i.e. if the question of disability is resolved prior to the fifth step, analysis ends. 20 C.F.R. § 404.1520(a)(4). Therefore, at the time the consolidated hearing was held, it was too early to conclude that the same issue existed in the May 2004 application and the matter remanded by this Court. There was a possibility that, during the consideration of the May 2004 application, Whitzell might have been found disabled on the first, second, third or fourth step. That would end the proceedings before

getting to the fifth and last step of the analysis.

This is a very technical point, yet whether the hearing officer properly conducted a consolidated hearing and issued a consolidated decision is important because it has a significant impact on Whitzell's exercise of her rights to appeal.

The hearing officer has discretion whether, upon consolidated hearing, he will issue a consolidated decision or separate decisions. As will be seen, it would have been advisable here to issue two separate decisions.

## B. The Decision of August 18, 2006

The decision of August 18, 2006 covers two types of issues. In addition to the remanded issue of the vocational expert's testimony, the decision covers all other steps required to determine disability.

It is crucial to understand that this Court had previously remanded the case arising out of the December 2001 application **only** on the issue of the vocational expert's testimony and affirmed the rest of the decision. Therefore, except for the vocational expert's testimony, all the matters previously determined by the hearing officer (steps one through four of the disability determination) were not before him at the August 2006 hearing. Rather it was because the remanded single issue was consolidated with the disability claim from the May 2004 application that the hearing officer went through all five steps once again and concluded that Whitzell was not disabled in the period from the date she alleged onset of her disability, April 1,

---

5. Pursuant to 20 C.F.R. § 404.1520, the determination of the claimant's disability requires a five step analysis:(1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals a listed impairment; (4)

whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents claimant from doing any other work. If the impairments do not meet listed impairments, the residual functional capacity is assessed and is used in steps (4) and (5).

2001, through the date of the decision, August 18, 2006. In making this determination the hearing officer considered the evidence that he used to make the decision on November 17, 2003 as well as the evidence presented after that decision.

Under 20 C.F.R. 404.950(f) and 20 C.F.R. 416.1450(f), an issue that was previously determined may not be reconsidered by the hearing officer. The finding must be accepted as it was determined previously, unless there are reasons to believe that it was wrong.

■ In the instant case, the principles of issue preclusion may be applied to the issues that were earlier affirmed in this Court (steps one to four). Because neither Whitzell nor the Administration further appealed the affirmed issues, they became final, and therefore both parties are now precluded from having them reconsidered. Were the hearing officer ever to determine that Whitzell was not disabled, it could only be upon the conclusion that there were jobs in the national economy that Whitzell was capable of performing. *See Rodio v. R.J. Reynolds Tobacco Co.*, 416 F.Supp.2d 224, 234 (D.Mass.2006)(Dein, Mag.J.)("[a] final order of an administrative agency in an adjudicatory proceeding ... precludes relitigation of the same issues between the same parties" (quoting *Tuper v. North Adams Ambulance Serv.*, 428 Mass. 132, 135, 697 N.E.2d 983 (1998))). *See also Dvareckas v. Secretary of Health and Human Servs.*, 804 F.2d 770, 771 (1st Cir.1986)(concluding that claimant's second application was barred by administrative res judicata).

It could possibly be argued that a new determination was necessary because there was new evidence pertaining to the determination of disability. Nevertheless, existence of new evidence does not automatically render the previous decision invalid. According to sentence six of 42 U.S.C. § 405(g), a district court may remand a case for further action of the Commissioner "only upon showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Had this Court found that the new evidence was material and there was good cause for the failure to incorporate it into the record, it would have ordered a so called sixth sentence remand. New evidence, however, was not the reason why this Court remanded the case and thus the hearing officer was not entitled to remake these findings. The hearing officer's determinations as to steps one through four should have been confined to the period commencing the day after the first disability determination on November 17, 2003 through the date of the decision after consolidation, August 18, 2006. It was the first decision on the issue of Whitzell's disability during that period.

Thus, for the purpose of further analysis, the decision after the consolidated hearing, although a single decision, ought in fact be divided into two separate decisions:

(1) the decision after remand, upon clarifying vocational expert testimony, which concluded that, based on her December 2001 application, Whitzell is not disabled ("second paragraph decision"), and

(2) the decision of the hearing officer in the first instance that Whitzell was not disabled based on her May 2004 application ("first paragraph decision") that covers:

(a) the period from April 1, 2001 to November 17, 2003,[6] and

---

**6.** As discussed above, due to preclusion principles the hearing officer was barred from redetermining steps one through four as to Whitzell's disability during the period from April 1, 2001 to November 17, 2003. This redetermination is, therefore, a legal nullity.

(a) the period from November 18, 2003 to August 18, 2006.

## C. Appeal rights

Depending on the stage of proceedings, there are different ways of appealing a hearing officer's decision. The decision of a hearing officer in the first instance can be appealed to the Appeals Council pursuant to 20 C.F.R. § 404.967 and 20 C.F.R. § 416.1467. In order to do so, a dissatisfied claimant must file a written request for review within a sixty day period, which starts on the day he received the decision. Additional time may be requested but is not granted automatically.

When the Appeals Council receives a request for review it may act in three ways: (1) dismiss; (2) grant the request and issue a decision or remand the decision to the hearing officer or (3) deny it. 20 C.F.R. §§ 404.967, 416.1467. The Appeals Council will dismiss the request only if (i) the filing was not made within the prescribed time; (ii) the party requests dismissal; or (iii) the party dies. 20 C.F.R. §§ 404.971, 416.1471. It will grant the request if (1) there appears to be an abuse of discretion by the hearing officer; (2) there is error of law; (3) there are concerns whether substantial evidence supports the hearing officer's determinations or (4) there is a broad policy or procedural issue that may affect the general public interest. 20 C.F.R. §§ 404.970, 416.1470. If there is no basis for dismissal and the circumstances that allow granting the review are not present, the Appeals Council will deny the request.

The appeals procedures for decisions on matters remanded by a district court are different. Under 20 C.F.R. § 404.984(a), if a claimant disagrees with the decision after remand, she may file written exceptions with the Appeals Council explaining the reason for disagreeing. The exceptions have to be filed within a thirty day period, which starts on the day she received the decision, or within additional time if timely requested. 20 C.F.R. § 404.984(b). The Appeals Council may, but is not required to, assume jurisdiction upon the written exceptions. The Appeals Council may also assume jurisdiction on its own initiative. 20 C.F.R. § 404.984(c). If the Appeals Council chooses not to take the initiative, and if no exceptions are filed by the claimant, the decision of the hearing officer becomes the final decision of the Commissioner after remand. 20 C.F.R. § 404.984(d).

## D. Whitzell's request for review by the Appeals Council

In the instant case Whitzell requested that the Appeals Council review the August 18, 2006 decision. R. at 333. She specifically requested that the Appeals Council "review [the hearing officer's] denial of [her] claim for SSDI/SSI benefits." *Id.* Without specifying her objections, Whitzell generally claimed that the evidence in the record supports her disability claim. *Id.* She requested an audiotape of the hearing and additional time to file written comments. *Id.* She never specified whether she was complaining about the findings with regard to her December 2001 or May 2004 application, or both.

Whitzell made her request on October 20, 2006, that is, on the 58th day after the day she was presumed to have received the notice of the decision (August 23, 2006). This means that she made the request long after the thirty day period established for filing exceptions to a decision after remand had passed, but still within the sixty day period allowed for appeals from a hearing officer's first instance decision.

## E. Commissioner's argument

The Commissioner argues that Whitzell failed to file her exceptions in a timely

manner. Comm. Memo. at 8. He argues that Whitzell was not deprived of any appeals right, contending that she got her chance to appeal but she lost it. He points out that Whitzell not only failed to file exceptions within the thirty day period as she was advised in the notice, but also she has never requested extension of this period. *Id.* He concludes therefore that the August 18, 2006 decision became the final decision of the Commissioner.

The Commissioner was wrong to conclude that the purpose of Whitzell's October 20, 2006 request for review was to file exceptions to the decision after remand. Neither Whitzell's request nor, as it later turned out, her memorandum in support of the instant claim indicates that she disagrees with the findings of the hearing officer on the issue whether jobs she could perform exist in the national economy.[7]

The Commissioner also erroneously treats the whole August 18, 2006 decision as a decision after remand. According to him, the hearing officer had discretion to apply a thirty and not a sixty day appeals period. He argues that because the matter had already been under review by this Court, the hearing officer appropriately chose the schedule that would lead to faster review. Comm. Memo. at 7–8. The Commissioner supports his argument with *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), where the Supreme Court stated "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." If the agency's construction was reasonable, a court must defer to it, even though its own construction would be different. Moreover, the burden of persuasion that

the Administration's interpretation does not meet the reasonableness standard is on the party who challenges it. *South Shore Hosp. Inc. v. Thompson,* 308 F.3d 91, 101 (1st Cir.2002).

■ Here, the Code of Federal Regulations does not specifically set up an appeals procedure for a consolidated decision issued after a consolidated hearing held upon two or more claims, one of which was remanded by a district court. It is true that the broad authority awarded to agencies under *Chevron* entitles them to "fill any gap left, implicitly or explicitly, by Congress." 467 U.S. at 843, 104 S.Ct. 2778 (citing *Morton v. Ruiz,* 415 U.S. 199, 231, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974)). While *Chevron* allows agencies to fill gaps that were left by Congress, it does not allow them to fill gaps they themselves create by misinterpreting their governing statute. As discussed above, had the hearing officer properly applied the rules governing consolidated hearings and consolidated decisions, he would have issued two separate decisions.

Here, the issue of Whitzell's disability during the period from April 1, 2001 to November 17, 2003 was previously reviewed and in great part affirmed by this Court. The second paragraph decision has the status of a decision after remand. Thus, as to the period April 1, 2001 to November 17, 2003, Whitzell's appeal to the Appeals Council was untimely and, as to that period, the Commissioner's decision must be affirmed.

## F. District Court's review on merits

Whitzell nevertheless requests this Court to review on the merits so much of the first paragraph decision of August 18, 2006 in which she was determined not to

---

7. Were that the case, Whitzell's failure to file within a thirty day period would have forfeited her chance for the review at the Appeals

Council level and the Commissioner's assertion would be correct.

be disabled from the period November 18, 2003 to August 18, 2006. She alleges lack of substantial evidence to support the decision. She argues that the assessment of her residual functional capacity lacked substantial evidence and that her myofascial pain was not considered in the determination of her disability. In response, the Commissioner presents facts that appear to support the hearing officer's determination. Comm. Memo. at 8–12.

■ Considering the merits of the claim is nevertheless beyond the subject matter jurisdiction of this Court. Under 42 U.S.C. § 405(g) a district court has jurisdiction over civil actions commenced by individuals who want to obtain review of a final decision of the Commissioner. The Court thus will exercise the power to review administrative decisions only after the decision becomes final. "[T]he 'final decision' . . . has been authoritatively interpreted to mean 'that the administrative remedies . . . be exhausted.'" *Wilson v. Secretary of Health and Human Servs.*, 671 F.2d 673, 677 (1st Cir.1982) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). The exhaustion doctrine ensures that the courts will not be burdened by cases in which judicial relief is not necessary. Until the Commissioner reaches his final decision, it is uncertain whether a claimant will actually be dissatisfied and it is too early to determine whether court review is needed. If the decision about which Whitzell complains is not yet final, this action ought be dismissed for lack of subject matter jurisdiction.

■ Whitzell requested that the determination of her disability made upon her May 2004 application (first paragraph decision) be reviewed by the Appeals Council. The Appeal Council interpreted Whitzell's request as though she were filing exceptions to the decision after remand and concluded that the request was not timely

made. As explained earlier, Whitzell's request was timely and thus the dismissal by the Appeals Council was inappropriate. Because the dismissal was not correct, the Appeals Council should have considered whether there was a basis to grant the review. That was not done and Whitzell was deprived of one level of administrative review. Because there still exists the possibility that the Appeals Council will reverse the decision denying Whitzell's disability claims, the decision is not final. It follows that because the finality of decision prong is not met as required under 42 U.S.C. § 405(g), this Court does not have subject matter jurisdiction to review the merits and thus cannot inquire whether it is supported by substantial evidence, as Whitzell requests.

### G. Court's authority to review the case

Although 42 U.S.C. § 405(g) does not give this Court jurisdiction to adjudicate the merits of the complaint, Whitzell is correct to seek review from this Court because she has nowhere else to turn.

■■ "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. " 'Legal wrong' . . . is the invasion of a legally protected right." *Pennsylvania R. Co. v. Dillon*, 335 F.2d 292, 294 (D.C.Cir.1964). In the absence of "clear and convincing evidence" that the congressional intent was to the contrary, courts ought not restrict access to such review. *Gordon & Co. v. Board of Governors of Fed. Reserve Sys.*, 317 F.Supp. 1045, 1047 (D.Mass.1970)(Julian, J.).

Whitzell's right to appeal from the hearing officer's first instance decision was invaded. 20 C.F.R. 404.967. She has thus suffered a legal wrong. Under 5 U.S.C.

§ 706(2)(A) this Court must "hold unlawful and set aside agency actions, findings, and conclusions found to be … not in accordance with law." The Appeals Council must grant Whitzell review on the merits in accordance with 20 C.F.R. 404.970 or deny the request pursuant to 20 C.F.R. 404.967 if it finds no grounds for granting review.

## III.  CONCLUSION

For the reasons set forth above, the second paragraph decision is AFFIRMED as is so much of the first paragraph decision as pertains to the period from April 1, 2001 to November 17, 2003. So much of the decision as pertains to the period November 18, 2003 to August 18, 2006 is VACATED and REMANDED with directions to the Appeals Council to entertain Whitzell's request for review in accordance with 20 C.F.R. 404.970.

SO ORDERED.